ALLEN A. PERKINS, Appellant, *v.* THE STATE OF NEW YORK, Respondent.

While the fact that the commissioners of the Board of Claims, under the act of 1883 (Chap. 205, Laws of 1883), are required to view premises claimed to have been damaged by the state, and to act to some extent upon their own judgment, does not deprive this court of the power to review their award upon the question of damages; yet, as they may and must base their award upon knowledge derived from that view as well as the evidence of witnesses, unless it appears that they adopted some erroneous rule of damages, or the evidence and their findings show that they have misconceived the facts, and erred in their estimate, their award will not be interfered with.

(Submitted April 23, 1889; decided May 3, 1889.)

APPEAL from an award made by the Board of Claims November 20, 1884. The claim was presented under the act chapter 205, Laws of 1883, for damages to claimant's land by the flowing of water, caused by raising the dam across the Susquehanna river at Binghamton.

After stating the substance of the testimony, the opinion then proceeds as follows:

" The requirement that the commissioners of the Board of Claims should view the premises was inserted in the statute for some purpose. The view which they are required to make is not a mere idle ceremony. It is intended to aid their judgment on the question of damages, and to enable them to appreciate the evidence and give to it its proper weight. They are not bound to be governed entirely by the evidence of witnesses but they may base their award, and must base it, upon the knowledge derived from that view and the evidence of the witnesses. Such has been the uniform practice under similar statutes. (*Matter of William and Anthony Streets*, 19 Wend. 678, 695; *Matter of Rondout & Oswego R. R. Co.*, 5 Lans. 298; *Matter of Boston Road*, 27 Hun, 409; *Matter of Staten Island Rapid Transit Co.*, 47 id. 396; *Matter of City of Buffalo*, 1 N. Y. State Rep. 742; *Matter of P. P. & C. I. R. R. Co.*, 85 N. Y. 489, 494.)

" Under the general laws applicable to the city of New York in street opening cases, and under the general railroad act of 1850, and numerous other acts, commissioners of estimate and

appraisement are required to view the lands in reference to which their action is invoked, as well as to receive evidence. They are selected from their supposed competency to deal with the matters submitted to them, and are impartial, and generally they must be as well qualified as any three witnesses to form a judgment, from their personal view and examination, of the damages which ought to be awarded. The basis upon which damages are to be estimated is frequently very uncertain, and estimates of friendly witnesses upon questions of value and damage must frequently be prejudiced, uncertain and unreliable, and hence it is a wise provision of law which requires the commissioners in such cases to view the premises and take ocular proof of their condition. Here the commissioners had for consideration what their own eyes could see upon the lands, the fact that the plaintiff's witnesses had no reliable basis for their estimate of damages, as they varied in their estimates from $5,000 to upwards of $10,000, the fact that the claimant a few years before bought the land at from $250 to $300 per acre, and the evidence of the single witness that the land had not really been damaged. Under such circumstances, we do not think that there is such a case upon this appeal as requires this court to reverse the award on the ground of its insufficiency.

"The fact that the commissioners are required to view the premises and to act to some extent upon their own judgment, informed by ocular evidence, does not deprive this court of the power to review their award upon the question of damages. They may adopt some erroneous rule of damages, and their findings may be such, and the case, upon all the evidence, may be such as to show that they misconceived the facts and erred in their estimate. We cannot say that this is such a case, and the award should, therefore, be affirmed, with costs."

*D. C. Richards* for appellant.

*Charles F. Tabor*, attorney-general, for respondent.

EARL, J., reads for affirmance.
All concur.
Award affirmed.