*In re* NEW YORK EL. R. Co.

*In re* SOBEL *et al.*

(*Supreme Court, General Term, First Department.* January 24, 1890.)

EMINENT DOMAIN—PROCEDURE BEFORE COMMISSIONERS—RECEPTION OF EVIDENCE.

Commissioners appointed to appraise land taken for the purposes of an elevated railroad have a wider range and a larger discretion in the reception of evidence than courts, and unless their award is manifestly unjust it will not be disturbed.

Appeal from special term, New York county.

The New York Elevated Railroad Company instituted proceedings to condemn the property of the respondents, Elias and Philip Sobel. From the award of the commissioners the company appeals.

Argued before VAN BRUNT, P. J., and BRADY and DANIELS, JJ.

*Davies & Rapallo,* (*Edward S. Rapallo* and *Henry D. Sedgwick, Jr.,* of counsel,) for appellant. *Peckham & Tyler,* (*A. L. Sanger, M. S. Isaacs,* and *W. G. Peckham,* of counsel,) for respondents.

VAN BRUNT, P. J. Upon an examination of the record in this case, it would appear that the principal ground of appeal is that the commissioners assessed the permanent damages at a sum higher than the court had done upon the time of the question in court. The points urged in support of the appeal are that the commissioners received improper testimony, and such as could not be received by a court. The rule is well settled that commissioners appointed in proceedings such as the one at bar are not to be governed in the receipt of evidence by the strict rules obtaining in a court. Indeed, the statute says that they shall not be. They may go and view the premises, and upon the knowledge thus acquired base their award. Such commissioners are usually composed mostly of laymen, and cannot be supposed to know the rules of evidence, and unless they have pursued a cause which has plainly been detrimental to the interests of the party appealing, and their award is manifestly unjust, it will not be interfered with. The commissioners are not, like other tribunals, to be governed exclusively by the evidence produced before them, but may, as has already been said, base their judgment upon conclusions formed upon a personal inspection of the premises. *In re New York, L. & W. Ry. Co.,* 27 Hun, 122. We think that commissioners have a wider range and a larger discretion in the receipt of evidence than courts, and upon none of the points questioned do they seem to have exceeded that discretion. The order appealed from should be affirmed, with costs. All concur.