| 76 | 375 |
| 39ap640 | |

In the Matter of the Application of THE METROPOLITAN ELEVATED RAILWAY COMPANY Relative to Acquiring Title to Certain Real Estate. (In re JONES.)

*Eminent domain — powers of commissioners to view the premises — review of their award.*

The commissioners, appointed in condemnation proceedings to ascertain the fee damage resulting to certain property from the construction and maintenance of an elevated railroad, have a right to view the premises in question, and are entitled to act to some extent upon their judgment, but the fact that such commissioners viewed the premises, and to some extent acted upon their own judgment, aided by ocular evidence, does not deprive the court of its right to review their award upon the question of damages.

APPEAL by Elvira Purdy from the appraisal and report of commissioners in condemnation proceedings, and from an order of the Supreme Court, made at the New York County Special Term on the 30th day of June, 1891, and entered in the office of the clerk of the county of New York confirming said appraisal and report.

*C. P. Cowles*, for property owner, appellant.

*A. O. Townsend*, for the petitioner, respondent.

O'BRIEN, J.:

The premises involved in this proceeding are two old-fashioned stores and tenements, situated on East Twenty-third street, between First and Second avenues, and near the Twenty-third street station of the Second Avenue line of elevated railway, and together are thirty-seven feet six inches in width by ninety-eight feet nine inches in depth. As shown by the diagram or map, the structure of the railway is immediately over the north curb of the street, leaving between such structure and the house line only the sidewalk, the station referred to being also immediately in front of these premises.

No question of rental value was involved, the commissioners' duty being to ascertain the fee damage resulting from the building and maintenance of the road. They found that such construction and maintenance of the railroad "interferes with the light, air and access which would otherwise be derived by said lots from said

street." And this conclusion is fully supported by the evidence and by the relative positions of the structures of the road and the premises. The value of so much of the easements of light, air and access appurtenant to the premises as were taken was found by the commissioners to be $750, and the real question presented upon this appeal is as to the adequacy of that award.

It is true that in this proceeding the report shows that the commissioners, as they had a right to do, viewed the premises, and they were entitled to some extent to act upon their judgment. But as said in *Perkins* v. *The State of New York* (113 N. Y. 660) : "The fact that the commissioners are required to view the premises and to act to some extent upon their own judgment, informed by ocular evidence, does not deprive this court of the power to review their award upon the question of damages. They may adopt some erroneous rule of damages, and their findings may be such, and the case upon all the evidence may be such, as to show that they misconceived the facts and erred in their estimate."

It is not usual for this court to interfere with an award made by commissioners, but we think that this record presents an exceptional case, where the power which the court has should be exercised in favor of the property owner. As is well known, and as appears by the record, in certain streets the property is more seriously injured by the presence of the elevated structure than in others. In the upper part of the city and upon the wide avenues, where considerable space exists between the structure itself and the house line, the damage will never be so serious as will necessarily result to property situated, as the premises in suit are, on East Twenty-third street, where the structure extends over the north curb of the street, immediately in front of the premises. That resultant damage from the contiguity and nearness of this structure in Twenty-third street to the premises, and by reason of the station immediately in front thereof, is proven, appears not only from the report of the commissioners, but also from the testimony in the case; and that this damage is substantial and not nominal seems to us evident. The course of rental values with respect to the two houses in suit is shown, by which it appears that after the road went into operation the rents began to decrease, continued to fall, and have ever since diminished.

Where, therefore, as here, it is shown that the construction of the

railway and its operation produced conditions which injuriously affected the premises in question, we think it was an inadequate amount to fix the value for both houses of the easements so taken at the sum of $750. Had the appraisers given that amount for each house, it would not have been out of the way, because, according to the testimony of the experts offered on behalf of the property owner, the value of the easements so taken was placed between $5,333 as the lowest estimate and $16,000 as the highest for the entire premises.

Of course the commissioners were not required to take even the lowest estimate given by the property owner, because on the part of the petitioner it was shown that this street had been for many years largely a residential street, and that for some years prior to the coming of the elevated road it had been undergoing a transition into use for stores, factories and business. There was also evidence tending to show that the elevated railway largely increased the traffic in this block and street, and that such increase tended to enhance the value of the land for the modern uses of the street. If, as the result of the weight to be given to such testimony, the award had been considerably below $5,000, we should not have been inclined to disturb it; but, from an examination of the entire record, we are of opinion that the commissioners erred in their estimate by giving an inadequate award, and that the confirmation of their report would result in injustice to the property owner.

We think, therefore, that the order of confirmation should be reversed, and the report set aside, with costs, and the matter sent to new commissioners for a new appraisal.

Van Brunt, P. J., and Parker, J., concurred.

Order of confirmation reversed and report set aside, with costs, and matter sent to new commissioners for new appraisal.