(8 Misc. Rep. 19.)

### HINE v. NEW YORK EL. R. CO. et al.

#### (Superior Court of New York City, General Term. April 2, 1894.)

ELEVATED RAILROADS—INJURIES TO ABUTTERS—TRANSFER OF TITLE.
    A lease of premises for a term of years with an agreement to convey the fee to the lessee six months before the expiration of the term of the lease, title to remain in plaintiff until the time of conveyance, does not divest the lessor of all substantial interest in the premises, and he may sue for injuries to the premises, caused by the construction and operation of an elevated railroad on which the premises abut, notwithstanding the lease.

Appeal from special term.

Action by Charles S. Hine against the New York Elevated Railroad Company and another.   From a judgment in favor of plaintiff, defendants appeal.   Affirmed.

For former report, see 23 N. Y. Supp. 187.

Argued before SEDGWICK, C. J., and DUGRO and GILDERSLEEVE, JJ.

Brainard Tolles, for appellants.
William H. Arnoux, for respondent.

SEDGWICK, J.   This action is for an injunction against defendants' maintaining and operating their railroad in front of the plaintiff's premises, and also for damages to the rental value of the premises.   The appellants' counsel takes the position that the court erred in awarding an injunction, in view of fact that, before the commencement of this action, the plaintiff divested himself of all substantial interest in the premises and the right of action, and became incapacitated from sustaining any consequential injury. The divesting referred to was the making of a written instrument by the plaintiff and others named Stemme.   It had a double as-

pect.    By it the plaintiff leased the premises to the Stemmes for a term of years, and also agreed to convey to the Stemmes the fee, six months before the expiration of the term of the lease.    This took place before the beginning of this action.    Until the Stemmes became entitled to a conveyance, they had no right as owners, and, of course, no right to damages for the diminution of the rental. Bostwick v. Beach, 103 N. Y. 423, 9 N. E. 41.    There was no merger, as of the time of making the contract, of the leasehold and the fee, for the reason, if no other, that the contract made provision that the title before the time of conveyance should remain in plaintiff.    The plaintiff, therefore, had an interest in the damages which would sustain the action.    This interest continued at least until the conveyance was made, in May, 1890, after this action was begun.    Assuming that plaintiff was not entitled to damages after he ceased to be owner, and could only validly recover such loss to him as actually occurred, the question was not mooted on the trial by any request made of the learned judge.    The requests on this general subject were confined to loss before the conveyance, and did not refer to subsequent loss.    On this point the stipulation between the parties prevails.    It was, in part, that the defendants shall not serve any supplemental answer, or prove, or offer to prove, on any future trial of this action, any transfer of interest of the plaintiff herein to the premises described in the complaint. This keeps from the case any question as to damages after the conveyance, for the defendants could not take the ground that there had been a conveyance or transfer.    The defendants also argue that the conveyance by the plaintiff to the Stemmes left him without any right to an injunction to protect property that he would not own, and that he ceased to be a tenant on that account.    The witness was asked if he told the plaintiff that he would not remain on account of the light.    The answer was, "Yes," after objection by the defendants.    This was not hearsay, for it came from the witness himself, as a witness subject to cross-examination.    The fact that the witness gave the information to the plaintiff was competent evidence.    The plaintiff was endeavoring to recover for the lessening of rents.    He was entitled to show the prudence he used in fixing the amounts of rent.    The mind of a landlord would be affected by such information as was communicated to him according to the question and answer objected to.    A witness for the defendants, who was of the class called "experts," testified as to the value of the plaintiff's property, and of other pieces of property in the neighborhood.    On direct examination he testified that the opinions he had given of value were predicated upon the transfer of property in the neighborhood.    He was asked if he had not given as a witness an estimate of the value of property 75 feet from the plaintiff's property, and when judgment awarded a larger sum.    This question was allowed against the objection and exception of defendants.    That judgment was of the kind of transactions from which the witness made his mind up as to values.    There is no doubt that values would be affected by such incidents.    The question bore on his quality and sufficiency as an expert, and was to be consid-

ered in due manner by the judge. The court of appeals has said that in actions where the attempt is to ascertain the fee value of the property taken, for the purpose of shaping a condition of the injunction becoming inoperative, the proceeding is, in its nature, like to the proceedings for condemnation. In the latter case the commissioners are not bound by the absolute rules of law as to the admissibility or exclusion of evidence, and the whole case is looked at, to see if manifest injustice has been done. , These rules should be applied to the proceeding of this kind in an action. In re New York El. R. Co. (Sup.) 8 N. Y. Supp. 707. It does not appear that the testimony does not sustain the findings as to damages, and the value of the fee. Judgment affirmed, with costs. All concur.