BROWN, P. J., concurred in the result.

Judgment reversed and new trial granted, costs to abide the event.

---

In the Matter of the Petition of THE BROOKLYN ELEVATED RAILROAD COMPANY, Appellant, Relative to Acquiring Title to Real Estate or a Right of Way on Grand Avenue in the City of Brooklyn and County of Kings; ISAAC LEWIS and Others, Owners of Parcel No. 17, Respondents.

*Condemnation proceedings — award not set aside as inadequate or excessive — benefits conferred to be offset against injury — nominal award.*

An award made by commissioners will not be set aside for inadequacy or as excessive, unless it is palpably wrong in that respect.

The fact that the construction and operation of an elevated railroad creates discomfort to the occupier of residential property abutting on the street whereon the elevated structure is erected is not conclusive in condemnation proceedings as to the right of the owner or occupant to a substantial award. If the prop-

erty has enhanced in value, in part because of the construction and operation of the elevated road, and the increase is sufficient to equal the injury caused by the road, the property owner is not entitled to more than a nominal award.

APPEAL by The Brooklyn Elevated Railroad Company from an order of the Supreme Court, made at the Kings County Special Term and entered in the office of the clerk of the county of Kings on the 22d day of October, 1894, denying the petitioner's motion to confirm the report of the commissioners appointed in condemnation proceedings as to parcel No. 17, appointing three commissioners of appraisal to ascertain and appraise the compensation to be made to the owners of parcel No. 17 for the easements or interests therein taken for the public use, and also from that portion of an order made at the Kings County Special Term and entered in the office of the clerk of the county of Kings on the 7th day of November, 1894, which denied the petitioner's motion for a resettlement of said order of October 22, 1894, granting respondents' motion to set aside the report of the commissioners of appraisal in condemnation proceedings.

*Frederick P. Delafield*, for the appellant.

*Ira Leo Bamberger*, for the respondents.

PER CURIAM:

It is settled by authority that an award by commissioners will not be set aside for inadequacy or because excessive, unless the award is palpably wrong in either respect. This case cannot be said to present such an aspect, though we might have differed from the commissioners in their determination. The building, a flat house, was erected long after the construction of the railroad. It cost the respondents about $18,500. At the time of the hearing before the commissioners it was fully occupied at a gross rent of $1,900 a year. Experts on both sides testified that ten per cent of the value was a fair rental on such property. The rent received at the time of the hearing would tend to show that there had been no depreciation in value. The learned judge at Special Term considered it conclusive evidence of damage that the gross rent received for two years pre-. vious was about $1,575 a year. But this was an error; the ten per cent estimate agreed on by all the witnesses was of gross rental values, not allowing for vacancies and loss of rent, which was esti-

mated to be about ten per cent. With this deduction there would appear no great discrepancy between the rents received and the estimated rental value. That the construction and operation of an elevated railroad must create some discomfort to the occupier of residential property, as assumed by the judge below, may be conceded, but that is not conclusive as to the right to a substantial award. There is evidence in the case to show that property in the vicinity, including that on the street on which the road is constructed, has enhanced in value, and that in part, at least, it is due to the elevated road. If this was sufficient to equal the injury caused by the road, the property owner was not entitled to more than a nominal award. The case, therefore, presented a fair question of fact, and the award should stand, it not appearing that the commissioners erred in the principle on which they made their determination.

The order appealed from should be reversed and the report confirmed, with ten dollars costs and disbursements. The appeal denying appellant's application to resettle order should be dismissed, with ten dollars costs and disbursements.

Present — BROWN, P. J., CULLEN and DYKMAN, JJ.

Order reversed, with ten dollars costs and disbursements. Appeal from order denying motion to resettle order dismissed, with ten dollars costs.