$10 costs and disbursements, but with leave to renew on further papers on payment of the costs of this appeal.

BAGG, Respondent, v. VILLAGE OF CLINTON, Appellant. (Supreme Court, Appellate Division, Fourth Department. October 16, 1896.) Action by Martha E. Bagg against the village of Clinton. No opinion. Judgment and order affirmed, with costs. All concur.

BAKER et al. v. BROWN et al. (Supreme Court, Appellate Division, Fourth Department. April, 1896.) Action by Jane A. Baker and another against Thomas Brown and others. No opinion. Order affirmed, with costs.

BAKER, Appellant, v. MAKEPEACE, Respondent. (Supreme Court, Appellate Division, Fourth Department. October 16, 1896.) Action by Henry N. Baker against Lila Makepeace. No opinion. Order affirmed, with $10 costs and disbursements. All concur.

BALDWIN, Respondent, v. HEWLETT, Appellant. (Supreme Court, Appellate Division, Second Department. October 27, 1896.) Action by Jesse Baldwin against Samuel M. Hewlett. No opinion. Judgment and order affirmed, with costs. All concur.

BALL, Appellant, v. BALL et al., Respondents. (Supreme Court, Appellate Division, Fourth Department. October 16, 1896.) Action by Jasper C. Ball against Alvin Ball and Edgar Ball. No opinion. Order affirmed, without costs. All concur.

BALMFORD, Respondent, v. GRAND LODGE OF ANCIENT ORDER OF UNITED WORKMEN OF STATE OF NEW YORK, Appellant. (City Court of New York, General Term. October 30, 1896.) Action by Thomas Balmford, as temporary administrator of Alfred Fogarty, deceased, against the Grand Lodge of the Ancient Order of United Workmen of the State of New York. J. B. Brevoort, for appellant. J. B. Hands, for respondent.

FITZSIMONS, J. The plaintiff was not required to prove the death of Fogarty's father and mother before his death, or any other allegation contained in paragraph 4 of the complaint, because of defendant's answer. Besides, at folio 291 it appears from the statement of defendant's counsel that the only defense herein was that the fund sued for herein was payable directly to those entitled to it, and not to plaintiff, as administrator, or that it reverted to the defendant because of the failure of plaintiff's testator to designate a beneficiary. This defense is without merit, in our opinion, and a complete answer was made to it by the trial justice in his opinion filed upon the denial of the motion made by defendant for a new trial herein; and for the reason therein assigned we think that this judgment should be affirmed, with costs, and it is so ordered. All concur. See·37 N. Y. Supp. 645.

BANKER, Respondent, v. POSTAL TEL. CABLE CO., Appellant. (Supreme Court, Appellate Division, Second Department. December 1, 1896.) Action by Isaac Banker against the Postal Telegraph Cable Company. No opinion. Judgment and order affirmed, with costs. All concur.

In re BARBER'S WILL. (Supreme Court, Appellate Division, Fourth Department. April, 1896.) Proceeding for the probate of the will, etc., of Mary E. Barber, deceased. No opinion. Motion denied. Order settled, marked, and filed with the clerk. Ward, J., dissenting. See 37 N. Y. Supp. 235, and 40 N. Y. Supp. 1139.

BARMANN, Appellant, v. BATHIER, Respondent. (Supreme Court, Appellate Division, Third Department. December 2, 1896.) Action by Peter Barmann against Conrad Bathier. No opinion. Judgment affirmed, with costs. All concur.

BECKLEY, Respondent, v. NELLIGAR, Appellant. (Supreme Court, Appellate Division, Third Department. December 2, 1896.) Action by Daniel Beckley against James D. Nelligar. No opinion. Judgment and order affirmed, with costs. All concur.

BEDELL v. NORTH SIDE PUB. CO. (Supreme Court, Appellate Division, First Department. November 13, 1896.) Action by Elizabeth W. Bedell against the North Side Publishing Company. No opinion. Motion denied, upon payment of $10 costs, in order that the appellant may move before the court below to have his default opened, and his case regularly signed and filed.

BELL et al., Respondents, v. HOLMES, Appellant. (Supreme Court, Appellate Division, Third Department. December 2, 1896.) Action by Edmund R. Bell and others against William E. Holmes. No opinion. Judgment affirmed, with costs. All concur.

BENDHEIM, Respondent, v. KERBS et al., Appellants. (Supreme Court, Appellate Division, First Department. June, 1896.) Action by Henry M. Bendheim against Adolf Kerbs and Louis Stern. No opinion. Order, as modified, affirmed, with $10 costs and disbursements, and appeal from order denying motion for resettlement dismissed, with $10 costs.

BENEDICT v. ARNOUX et al. (Supreme Court, Appellate Division. First Department. November 13, 1896.) Action by Elias C. Benedict against George T. Arnoux and another. No opinion. Motion dismissed by default. See 38 N. Y. Supp. 882, and 39 N. Y. Supp. 793.

BENEDICT v. ARNOUX. (Supreme Court, Appellate Division, First Department. November 20, 1896.) Action by Elias C. Benedict against George T. Arnoux. No opinion. Motion granted. See supra.

BILLINGS, Respondent, v. FOSTER, Appellant. (Supreme Court, Appellate Division, Second Department. December 8, 1896.) Action

by William K. Billings against Thomas B. Foster. No opinion. Judgment affirmed, with costs. All concur.

BINGHAM et al., Respondents, v. NORTHRUP. Appellant. (Supreme Court, Appellate Division, Fourth Department. October 16, 1896.) Action by Eunice Bingham, Mary E. Arthur, and Charles W. Bingham against Irvin W. Northrup, impleaded, etc. No opinion. Order reversed, without costs to either party. *Held*, that the judgment was premature because the time to answer did not begin to run until January 1, 1896. All concur.

BISCHOFF v. ENGEL. (Supreme Court, Appellate Division, First Department. July, 1896.) Action by Fritz C. Bischoff against Jacob Engel. No opinion. Motion denied, with leave to renew upon the next motion day if papers are not filed, printed, and served before August 20th. See 41 N. Y. Supp. 815.

BOMEISLER v. FORSTER. (Supreme Court. Appellate Division, First Department. November 20, 1896.) Action by Louis E. Bomeisler against Elsa Forster. No opinion. Motion denied, with $10 costs. See 41 N. Y. Supp. 742.

BRAINE v. ROSSWOG. (Supreme Court, Appellate Division, First Department. July, 1896.) Action by Mary Braine against Julie Rosswog. No opinion. Motion denied.

BRAINE, Appellant, v. ROSSWOG, Respondent. (Supreme Court, Appellate Division, First Department. July, 1896.) Action by Mary Braine against Julie Rosswog. No opinion. Order affirmed, with $10 costs and disbursements.

BRAYMAN, Appellant, v. STEPHENS et al., Respondents. (Supreme Court, Appellate Division, Fourth Department. October 16, 1896.) Action by Martha Brayman against William E. Stephens and others, as executors of David W. Langley, deceased. No opinion. Judgment affirmed, with costs. All concur.

BREEN et al., Respondents, v. UNION RY. CO. OF NEW YORK CITY, Appellant. (Supreme Court, Appellate Division, Second Department. October 27, 1896.) Action by Mathew P. Breen and Daniel F. Cohalan against the Union Railway Company of New York City. No opinion. Motion denied, with $10 costs. See 41 N. Y. Supp. 164.

BRISCOE, Respondent, v. LITT, Appellant. (City Court of New York, General Term. October 30, 1896.) Action by Fannie Briscoe, an infant, by Charles H. Luengene, her guardian ad litem, against Jacob Litt. T. Pinney, for appellant. Fromme Bros., for respondent.

SCHUCHMAN, J. This is an appeal by the defendant from a judgment entered in favor of the plaintiff on the verdict of a jury, and from an order denying the defendant's motion for a new trial. The plaintiff brought this action, alleging, and afterwards proving on the trial.

that she is an actress, and that the defendant, a theatrical manager, engaged her for the season of 1894 and 1895, which season constituted 30 to 35 weeks, at a salary of $30 per week; that the defendant broke his contract, and discharged her; that, pursuant to said contract, she would have earned $900; that she looked for and found other employment during the term of the contract, and earned $405, and she claimed the difference, to wit, $495, as damages, for which the jury gave her a verdict. The defendant, however, claims that he was only liable for two weeks, to wit, $60, because he claims he could discharge the plaintiff on two weeks' notice, which notice he claimed he gave by letter of October 20th, being plaintiff's Exhibit D, and that during those two weeks, the plaintiff being employed by Mr. Wilson, and earning $18 a week, making $36, he was only liable for the difference, to wit, $24. The evidence produced by the plaintiff, however, shows, at folios 44 and 45 of the printed case, that there is a custom in the profession that, when a part is given to an actress, it is for the season, and that, when an actress gives up one engagement to take another, the latter engagement is to last for the season. The plaintiff's evidence shows that she gave up her engagement with Mr. Wilson to take the engagement with the defendant, and the defendant knew that fact. This evidence is not denied or contradicted by the defendant. The only principal point contended for between the parties in this case was the duration of the employment of the plaintiff by the defendant. The defendant and his witness, Mr. Wilson, on the trial testified that the plaintiff was only engaged for the season of "Ole Olson," and, under a custom existing in the profession, was only engaged for the season of the drama "Ole Olson." The question in difference between the parties was squarely submitted to the jury, and they found on this contention in favor of the plaintiff. It is true the testimony at folio 51 shows that, if the manager or the employé is not satisfied, either, on giving two weeks' notice, may terminate the engagement; but the defendant in this case placed plaintiff's discharge on the ground that "it is impossible for him to secure the people he desires for the company." Plaintiff's Exhibit D. The jury having found in favor of the plaintiff, and there being sufficient evidence in the case to sustain that verdict, we cannot interfere therewith on this appeal. We have examined the exceptions in the case, and also the exceptions to the charge, and we find none of them of sufficient bearing to reverse the verdict. Judgment affirmed, with costs. All concur.

In re BROOKLYN EL. R. CO. (Supreme Court, Appellate Division, Second Department. December 8, 1896.) Petition by the Brooklyn Elevated Railroad Company relative to acquiring title to real estate on Lexington Avenue owned by Betsie R. Dexter, in the city of Brooklyn, county of Kings. No opinion. Order affirmed, with costs, upon the authority of In re Brooklyn El. R. Co., 87 Hun, 88, 33 N. Y. Supp. 881. All concur.

BROWN v. JAMES et al. (Supreme Court, Appellate Division, Second Department. Octo-