VILLAGE OF PORT HENRY v. KIDDER.

(Supreme Court, Appellate Division, Third Department. March 8, 1899.)

1. APPROPRIATION OF WATER—EVIDENCE OF DAMAGES.
    In an action for condemnation of certain springs, defendant claimed damages because the appropriation thereof impaired his water power, and introduced evidence of the character of his mill, its capacity, and the extent of his water power before the diversion, and the amount necessary to the operation of his mill. *Held* admissible as tending to show that his claim for compensation was substantial.

2. SAME—ESTIMATED PROFITS.
    Where, in proceedings for condemnation of water supply before commissioners, defendant testified as to estimated profits lost, though the admission of the evidence was error, it is not ground for reversal, where it was only one item among many proper items of evidence, and was not likely to mislead the commissioners.

3. SAME—INTEREST—PAST DAMAGES.
    Where compensation for condemnation of water course, whereby defendant's water power is destroyed, is delayed for nearly six years, the award should either allow interest on the amount of actual injury to the fee, or make some allowance for past damages in addition to the injury to the fee.

Appeal from special term, Essex county.

Action by the village of Port Henry against George S. Kidder. From an order confirming award of compensation made by commissioners in condemnation proceedings, plaintiff appeals. Affirmed.

Argued before PARKER, P. J., and LANDON, HERRICK, PUTNAM, and MERWIN, JJ.

F. A. Rowe, for appellant.
Francis A. Smith, for respondent.

LANDON, J. The plaintiff, in 1892, for the purpose of supplying the village of Port Henry with pure and wholesome water, acquired of the owner certain springs, and diverted the water thereof from its natural course. These springs discharged into a stream flowing through the defendant's land, and furnishing the power to operate his

grist mill thereon.    The appropriation of the springs by the plaintiff impaired the defendant's water power.    Proceedings to ascertain the compensation to be paid the defendant for this permanent diversion of water were commenced in 1898, and resulted in an award of $2,000. The regularity of the plaintiff's proceedings is conceded by the defendant, and no charge of wrongful appropriation is made.    The plaintiff complains that the compensation awarded to the defendant by the commissioners is excessive, and contends that the excess was caused by incompetent evidence, and based upon a wrong theory.

It is probably true that some evidence was received, which, upon a trial before a jury, would have been excluded as incompetent.    The defendant adduced evidence tending to show the situation and character of his mill, its capacity for grinding grain, its situation with respect to custom, the sources and amount of his custom, the income he derived from it, the extent of his water power before the diversion, its necessity to the continuous operation of his mill, the amount of the water diverted by the plaintiff, and the effect of the diversion upon the water power, and to some slight extent his consequent loss of custom.    It was proper that the commissioners should know these facts.    They tended to show that the defendant's claim for compensation was substantial, and enabled them to form some estimate of its amount, and to give proper effect to the testimony which specified the amount.    The plaintiff diverted the water in 1892, and the proceedings to ascertain the just compensation due the defendant were had in 1898.    The defendant was also permitted to show, not only what amount of grain the water diverted could grind, but what his profits upon such grinding would be.    This was speculative and uncertain, because it assumed that he would have the grain to grind, would grind it, would make the estimated profits, and that at no time within the six years would his stream be sufficient, in the absence of the diverted water, to operate his mill to its full capacity.    But this was only one item among many proper items of evidence, and it does not follow, because a court might withhold it from a jury, that it was reversible error for the commissioners to receive it.    Unless the award and the record lead us to suppose that the commissioners gave it improper effect, we should not reverse the order of confirmation.    The commissioners chosen to ascertain the compensation to be paid are usually men of high character for integrity and sound judgment.    If not agreed upon by the parties, they are generally selected by the court from a number of men who have passed without challenge the rigid scrutiny of the parties interested.    They are superior to the average juryman, and are less liable to be misled by extravagant estimates of values based upon false or speculative theories.    This, and the fact that they personally view the premises (Perkins v. State, 113 N. Y. 660, 21 N. E. 397), incline the court to confirm their award unless the case discloses that the commissioners proceeded upon an erroneous principle, or otherwise affords reasonable ground to suppose that it is unjust.

The defendant adduced evidence tending to show the value of the mill in 1892, and its lessened value in 1898.    The plaintiff gave evidence tending to show that since 1892 the value of real estate in and

about Port Henry had greatly depreciated in consequence of causes injuriously affecting the prosperity of the locality. This the defendant conceded, but gave some evidence tending to show that, as other industries declined in that locality, that of farming increased, and thus the supply of grain which might be ground at his mill was increased; whence he argued that the value of his mill property was maintained. What measure of compensation the commissioners adopted we do not know. It may be that they made some allowance for the defendant's past damages in addition to the permanent depreciation in value of the defendant's property caused by the diversion of the water. Ordinarily, the full measure of compensation is the difference in the value of the property, at or near the time of the diversion,—in this case in 1892,—without the diversion and with it. This is just compensation when it is made to the property owner within a time reasonably near to the actual diversion,—usually within one year. Where compensation is delayed for nearly six years, as in this case, unless the owner receives some interest upon the amount of the actual injury to the fee, or some allowance for past damages in addition to the damages to the fee, it is obvious that his compensation will fall short of that just compensation which the constitution intends shall be paid him. It may also be that they made the award upon the difference in the value of the defendant's property in 1892 and in 1898. The commissioners might well find, upon a proper consideration of all the evidence, that the property immediately before the diversion was worth $12,000, and immediately after it not more than $10,000 or $10,500, and, if the latter sum, allow $500 more for interest or past damages; or they might conclude that the six years of actual test had demonstrated that the diversion had impaired the value of the property $2,000, the amount of their award. We can see that in this case either method would be likely to be about right. The test is just compensation, and, when the record does not lead the court to suppose that just compensation has been withheld or exceeded, the award should be confirmed. In re New York El. R. Co. (Sup.) 12 N. Y. Supp. 858; Daly v. Smith, 18 App. Div. 194, 45 N. Y. Supp. 785, and cases there cited. In the cases in which the appellate courts have set aside such awards, in the absence of fatal irregularities or error, enough has affirmatively appeared to induce the court to suppose that injustice has been done. In re Rochester, H. & L. R. Co., 50 Hun, 29, 2 N. Y. Supp. 457; In re Metropolitan El. Ry. Co., 76 Hun, 375, 27 N. Y. Supp. 756; Railway Co. v. O'Sullivan, 6 App. Div. 571, 40 N. Y. Supp. 326. This does not appear in this case.

The order of confirmation should be affirmed, with costs. All concur.