seem that the question we are here considering was directly involved in that decision.

These are the only cases we need consider here. ·We see no reason to question the principles laid down in all these cases and approved of in the case of Chandler v. Hoag, supra, where the question was directly up. That case must be regarded as settling the law of this state, even if it was uncertain before. It is said that a director coming upon the board during a year after a January default in making a report would be helpless. He could very likely cause a report to be made himself, or, failing in that, file the certificate, etc., provided for by the section. We think either of these things could be done at any time during the year, but, in any event, he could refuse to act, or he could resign, and cease to be a trustee, and then protect himself. We think the judgment and order appealed from should be affirmed, with costs.

Judgment and order appealed from affirmed, with costs. All concur.

---

## In re GRADE–CROSSING COM·RS OF CITY OF BUFFALO.

(Supreme Court, Appellate Division, Fourth Department. May 22, 1900.)

1. EMINENT DOMAIN—EXCESSIVE AWARD.

In proceedings to determine the amount of damages to land resulting from the building of a viaduct on the street in front thereof, where the city witnesses placed the damages at from $15,000 to $25,000, and the owner's witnesses at from $76,000 to $81,000, an award of $56,000 is not so palpably unjust and against the weight of the evidence as to authorize the court to set aside the award.

2. SAME—TRIAL—ERRONEOUS EVIDENCE—ERROR CURED.

Where, in proceedings to determine the amount. of damages to land by reason of the building of a viaduct in the street in front thereof, incompetent evidence is admitted, the error is cured by striking it out before the· hearing is closed.

3. SAME—REVERSAL.

An award of commissioners of appraisal in proceedings to determine the consequential damages to land resulting from the building of a viaduct· in the street in front thereof will not be reversed merely because they received incompetent evidence, when it is apparent that they understood and applied the proper principle in ascertaining the damages, and that they were not improperly influenced by the incompetent evidence.

Williams, J., dissenting.

Appeal from special term, Erie county.

Application by the grade-crossing commissioners of the city of Buffalo for the appointment of commissioners of appraisal to determine the damages to land belonging to John N. Scatcherd, resulting from the construction of a viaduct in the street in front thereof. From an award of the commissioners the Erie Railroad Company and others appeal. Affirmed.

Argued before ADAMS, P. J., and McLENNAN, SPRING, WILLIAMS, and LAUGHLIN, JJ.

William L. Marcy and Louis L. Babcock, for appellants.
Herbert P. Bissell, for respondent.

LAUGHLIN, J.   The award is $56,000 for consequential damages to respondent's premises caused by the construction of a viaduct in Seneca street pursuant to the authority contained in chapter 345 of the Laws of 1888 and the acts amendatory thereof.   The premises consist of eight acres of land in the city of Buffalo, situate about two miles from the city and county hall, and have a frontage of 259 feet on the southerly side of Seneca street; that being their only outlet. They were used as an extensive lumber yard, and were especially adapted for such use.   They are bounded on the west by the Buffalo Creek Railroad, on the south by the Lehigh Valley Railroad, and on the east by a row of lots fronting easterly on Peabody street, which intersects Seneca street.   Seneca street is one of the principal streets leading directly to the business center of the city, and it is crossed at grade just westerly of these premises by railroad tracks covering 109 lineal feet of the street.   Before the construction of the viaduct the premises were practically level with the street.   The viaduct carries Seneca street over these tracks, and occupies the entire width of the street.   The grade of the street at the west line of the premises has been raised 28.85 feet, and at their east line 14.29 feet; thus completely cutting off all access to or from Seneca street.   The statute under which the improvement was made authorizes awards for consequential damages.   The grade-crossing commissioners, so called, have provided for a substituted outlet for these premises to Peabody street on the east.   All of the lots, with the exception of two, adjacent to the premises, and fronting on Peabody street, are occupied by frame dwelling houses.   The proposed outlet is over one of these vacant lots, 330 feet southerly from, and parallel with, Seneca street.  ·The viaduct is on a 4 per cent. grade, and commences 464.05 feet easterly of the railroad tracks, and 22.25 feet easterly of Peabody street.   It is reached from Peabody street by a ramp on the same grade, commencing 64 feet southerly of Seneca street.   The property owner called six witnesses, whose evidence tended to show that his damages would be from $76,355.58 to $81,555.58.   The city and appellants called five witnesses, who placed the damages at from $15,000 to $25,000.   The proceedings were instituted and conducted by the grade-crossing commissioners, and the awards are borne in the first instance by the city; but it is reimbursed to the extent of one-half the amount of the awards by the railroad companies, pursuant to a contract made between the grade-crossing commissioners, representing the city, and these companies.   The companies are made parties defendant, and have appealed in their own behalf.   Their right to appeal not having been questioned, we shall assume that the questions they present are properly before the court.  ·

This is a valuable tract of land, and manifestly it has been seriously depreciated in value for commercial and residence purposes.   The commissioners of appraisal, aided by their view of the premises, and guided by their own experience and judgment, evidently considered that the witnesses for the city and the railroad companies place the damages very much too low, and that the witnesses for the property owner estimate the damages much too high.   The award seems quite liberal, but, applying the rule applicable to this class of cases, it cannot be

fairly said that it is palpably unjust, or so clearly against the weight of evidence or excessive as to plainly show an unjust result, and require this court to overrule the determination of the commissioners. Perkins v. State, 113 N. Y. 660, 21 N. E. 397; In re Staten Island Rapid-Transit Co., 47 Hun, 396; Railroad Co. v. Marvin, 11 N. Y. 276; In re New York El. R. Co. (Sup.) 8 N. Y. Supp. 707; Village of Port Henry v. Kidder, 39 App. Div. 640, 57 N. Y. Supp. 102; In re City of Brooklyn, 73 Hun, 499, 26 N. Y. Supp. 198; In re Brooklyn El. R. Co., 87 Hun, 88, 33 N. Y. Supp. 881; In re New York, L. & W. Ry. Co., 27 Hun, 116.

Incompetent evidence was received by the commissioners, when only two were present, under objection and exception taken by the counsel for the grade-crossing commissioners, but the erroneous ruling was corrected by striking out the evidence before the hearing closed. Blashfield v. Telegraph Co., 147 N. Y. 520, 42 N. E. 2; People v. Wilson, 141 N. Y. 185, 36 N. E. 230; Holmes v. Moffatt, 120 N. Y. 159, 24 N. E. 275. Other incompetent evidence was received, without objection or exception, which the commissioners declined to strike out, and the appellants excepted. It is contended that this evidence is similar to that previously received under objection and exception, and subsequently stricken from the record, and that it was not objected to on account of such previous objection and exception to similar evidence. This evidence related to the knowledge of the witness as to the value of other property, quite remote from the premises in question, but somewhat similarly hemmed in. The rules of evidence applicable to the trial of issues of fact in an action would require that the motion to strike out this testimony be granted, but commissioners of appraisal are not governed by such strict or technical rules of evidence, and they have a wider range and larger discretion in the reception or exclusion of evidence. A reversal of their determination for errors of law, as distinguished from the discretionary power vested in the court, to be exercised in a proper case, is only justified when it is made to appear that they adopted an erroneous principle in determining the compensation to be awarded. This, of course, might be inferred in an aggravated case, showing general disregard or flagrant violation of the rules of evidence. But in the case at bar we are convinced that the commissioners understood and applied the proper principle in ascertaining the damages, and that they were not improperly influenced, to the prejudice of the appellants, by the evidence lastly considered, and which it is claimed should have been stricken from the record. Daly v. Smith, 18 App. Div. 194, 195, 45 N. Y. Supp. 785; Village of Port Henry v. Kidder, supra; In re New York El. R. Co., supra; In re Staten Island Rapid-Transit Co., supra; In re New York El. R. Co. (Sup.) 15 N. Y. Supp. 909; Mitchell v. Railroad Co. (Sup.) 9 N. Y. Supp. 130; In re City of Rochester, 40 Hun, 588; In re New York, W. S. & B. Ry. Co., 37 Hun, 317, 318; Desbecker v. McFarline, 42 App. Div. 455, 59 N. Y. Supp. 439.

The order appealed from should be affirmed, with costs. All concur, except WILLIAMS, J., who dissents.