In the Matter of the Application and Petition of CHARLES H. T. COLLIS, as Commissioner of Public Works of the City of New York, Respondent, to Acquire Certain Real Estate under Chapter 189 of the Laws of 1893, for the Sanitary Protection of the Sources of the Water Supply of Said City. (Discontinuance Proceedings.)

MYRON P. HOWES and Others, Appellants.

*Eminent domain — damages resulting from conditions having been imposed upon land for the protection of a city water supply — when an award thereof will be set aside.*

An award made by commissioners of appraisal appointed in a proceeding instituted under chapter 674 of the Laws of 1896, amending section 32 of chapter 189 of the Laws of 1893, to relieve real estate from the conditions imposed for the protection of the sources of the water supply of the city of New York, and to ascertain the damages resulting from the imposition of such conditions, will not be set aside unless it is palpably excessive or inadequate, or unless it appears that the commissioners adopted an erroneous principle in determining its amount.

APPEAL by Myron P. Howes and others, owners of property taken in the above-entitled proceeding, from so much of an order of the Supreme Court, made at the Westchester Special Term and entered in the office of the clerk of the county of Putnam on the 6th day of May, 1901, as confirmed the fourth separate report of

the commissioners of appraisal appointed in the proceeding in so far as such report related to the awards made to the appellants.

*Abram J. Miller*, for the appellants.

*H. T. Dykman*, for the respondent.

Woodward, J.:

The property of the appellants is located in the village of Brewster, and is near the property taken in fee under the provisions of chapter 189 of the Laws of 1893, providing for the sanitary protection of the sources of the water supply of the city of New York. At the time of the taking of the fee of certain property in the village of Brewster the lands involved in the matter now before us were placed under conditions; that is, they were required to conform to the rules and regulations adopted by the State Board of Health and the penal statutes to prevent the polution of potable waters. The claim of the appellants in this proceeding, instituted to relieve these properties of these conditions and to pay whatever damages may have been sustained under the provisions of chapter 674 of the Laws of 1896 (amdg. Laws of 1893, chap. 189, § 32), is that they should be compensated, not only for all the material damage to which they can establish a claim, but all losses alleged to have been sustained by reason of people not purchasing these conditioned premises at a time when it is alleged there was a large demand for such property. The commissioners appointed under the provisions of chapter 674 of the Laws of 1896 have viewed the premises, have heard the witnesses, and have made their award, which has been confirmed by the Special Term upon the ground, as stated in an opinion handed down, that "the questions of fact involved in this controversy having been decided by the commissioners on competent evidence the court at Special Term has no power to review their decision." From this determination an appeal comes to this court in so far as certain parcels are involved.

It is settled by authority that an award by commissioners will not be set aside for inadequacy or because excessive, unless the award is palpably wrong in either respect. (*Matter of Brooklyn Elevated R. R. Co.*, 87 Hun, 88; *Matter of Grade Crossing Commissioners*, 52 App. Div. 122, 124, 125, and authorities cited; *Perkins* v. *State*

*of New York*, 113 N. Y. 660.) In the latter case the court quotes from the opinion of the Court of Claims as follows : " The requirement that the commissioners of the Board of Claims should view the premises was inserted in the statute for some purpose. The view which they are required to make is not a mere idle ceremony. It is intended to aid their judgment on the question of damages, and to enable them to appreciate the evidence and give to it its proper weight. They are not bound to be governed entirely by the evidence of witnesses, but they may base their award, and must base it upon the knowledge derived from that view and the evidence of the witnesses." (See authorities cited.) In the matter now before us there was some evidence that some of the claimants had had negotiations with parties in reference to the purchase of their properties, and that such negotiations had come to naught, and in some instances it may be that it was shown that this was due to the conditions, but in none of the cases is there satisfactory evidence that a *bona fide* transaction was defeated by reason of these conditions. The most that may be properly said of the evidence is that it afforded a basis for speculation as to whether the conditions were a substantial detriment to the property rights of the several claimants, and the commissioners having viewed the premises and having heard the witnesses, all of whom appear to have been permitted to tell anything which might tend to aid in supporting the contentions of the claimants, this court will not, in the absence of facts making it appear that the commissioners adopted an erroneous principle in determining the amount of damages, set its action aside. (*Matter of Grade Crossing Commissioners, supra.*) The awards, while perhaps not as large as we might have been disposed to give had we been discharging the duties of the commission — though as to this we express no opinion — are not shown to have been based upon any improper theory ; the oral evidence was all furnished by the claimants, so that there is no question of the competency of the evidence before us, and it only remains to follow the well-established usage in cases of this character, and to affirm the order appealed from.

The order appealed from should be affirmed.

All concurred.

Order affirmed, with ten dollars costs and disbursements.