## COLLIS, Com'r, v. HOWES et al.

(Supreme Court, Appellate Division, Second Department.　November 14, 1902.)

1. EMINENT DOMAIN—SANITARY PROTECTION—CONDITIONING LAND—DAMAGES.

　　Under Laws 1896, c. 674, authorizing the commissioners of public works to release land from conditions imposed for the sanitary protection of the water supply of New York City, and to assess damages, the owners of land leased were not entitled to alleged losses sustained by people not purchasing the conditioned premises at a time when it is alleged there was a large demand for such property, where the evidence did not establish that bona fide transactions for sale were defeated by the conditions.

2. SAME—AWARD OF COMMISSIONERS.

　　The award of the commissioners, being based both on testimony and on view of the premises, would not be disturbed unless palpably wrong.

Appeal from special term.

Application by Charles H. T. Collis, Commissioner of Public Works of New York City, to acquire certain land for the sanitary protection of the sources of water supply. From an order confirming an award of commissioners as to damages to certain parcels by conditions imposed thereon, Myron P. Howes and others appeal. Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, JENKS, WOODWARD, and HIRSCHBERG, JJ.

Abram J. Miller, for appellants.
H. T. Dykman, for respondent.

WOODWARD, J. The property of the appellants is located in the village of Brewster, and is near the property taken in fee under the provisions of chapter 189 of the Laws of 1893, providing for a pure water supply for the city of New York. At the time of the taking of the fee of certain property in the village of Brewster, the lands involved in the matter now before us were placed under conditions,—that is, they were required to conform to the rules and regulations adopted by the state board of health and the penal statutes to prevent the pollution of potable waters. The claim of the appellants in this proceeding instituted to relieve these properties of these conditions, and to pay whatever damages may have been sustained under the provisions of chapter 674 of the Laws of 1896, is that they should be compensated, not only for all the material damage to which they can establish a claim, but all losses alleged to have been sustained by reason of people not purchasing these conditioned premises at a time when it is alleged there was a large demand for such property. The commissioners appointed under the provisions of chapter 674 of the Laws of 1896 have viewed the premises, have heard the witnesses, and have made their award, which has been confirmed by the special term upon the ground, as stated in an opinion handed down, that, "the

questions of fact involved in this controversy having been decided by the commissioners on competent evidence, the court at special term has no power to review their decision." From this determination, an appeal comes to this court in so far as certain parcels are involved.

It is settled by authority that an award by commissioners will not be set aside for inadequacy, or because excessive, unless the award is palpably wrong in either respect. In re Brooklyn El. R. Co., 87 Hun, 88, 33 N. Y. Supp. 881; In re Grade Crossing Com'rs, 52 App. Div. 122, 124, 125, 64 N. Y. Supp. 1074, and authorities cited; Perkins v. State, 113 N. Y. 660, 21 N. E. 397. In the latter case the court quotes from the opinion of the court of claims as follows:

"The requirement that the commissioners of the board of claims should view the premises was inserted in the statute for some purpose. The view which they are required to make is not a mere idle ceremony. It is intended to aid their judgment on the question of damages, and to enable them to appreciate the evidence and give to it its proper weight. They are not bound to be governed entirely by the evidence of witnesses, but they may base their award, and must base it, upon the knowledge derived from that view and the evidence of the witnesses." See authorities cited.

In the matter now before us, there was some evidence that some of the claimants had had negotiations with parties in reference to the purchase of their properties, and that such negotiations had come to naught, and in some instances it may be that it was shown that this was due to the conditions, but in none of the cases is there satisfactory evidence that a bona fide transaction was defeated by reason of these conditions. The most that may be properly said of the evidence is that it afforded a basis for speculation as to whether the conditions were a substantial detriment to the property rights of the several claimants; and the commissioners having viewed the premises, and having heard the witnesses, all of whom appear to have been permitted to tell anything which might tend to aid in supporting the contentions of the claimants, this court will not, in the absence of facts making it appear that the commissioners adopted an erroneous principle in determining the amount of damages, set its action aside. In re Grade Crossing Com'rs, supra. The awards, while perhaps not as large as we might have been disposed to give had we been discharging the duties of the commission,—though as to this we express no opinion,— are not shown to have been based upon any improper theory; the oral evidence was all furnished by the claimants, so that there is no question of the competency of the evidence before us, and it only remains to follow the well-established usage in cases of this character, and to affirm the order appealed from.

The order appealed from should be affirmed.

Order affirmed, with $10 costs and disbursements. All concur.