### HALL v. STATE.

(Supreme Court, Appellate Division, Third Department. May 3, 1905.)

APPEAL—COURT OF CLAIMS—FINDING—EVIDENCE—SUFFICIENCY.

       On appeal from an award of the Court of Claims for property appropriated by the state, evidence *held* to support the finding of the court that the value of the property was $5,000.

Appeal from Court of Claims.

Proceeding in the Court of Claims by Benjamin E. Hall against the state of New York. From a judgment for claimant for less than his demand, he appeals. Affirmed.

Argued before PARKER, P. J., and SMITH, CHASE, CHESTER, and HOUGHTON, JJ.

Walter B. Safford (Frederic R. Kellogg, of counsel), for appellant.

Julius M. Mayer, Atty. Gen., and James G. Graham, Dep. Atty. Gen., for the State.

PARKER, P. J. In December, 1899, the claimant, Hall, filed a claim against the state for about 59 acres of land and a dam site which the state appropriated under the provisions of chapter 627, Laws 1898. The value of the property, as then claimed, was $12,000. Upon the first hearing before the Court of Claims, the value of the property so taken was fixed at $2,000, and a judgment rendered to the claimant for that amount. On appeal to this court, such judgment was reversed, and a new trial awarded. See 72 App. Div. 360, 77 N. Y. Supp. 282. On a second trial before such court,

a judgment was rendered for the claimant for $2,958.80 as damages for the taking of both land and the dam site. On a second appeal to this court, such judgment was again reversed, and a new trial awarded to the claimant. See 92 App. Div. 96, 87 N. Y. Supp. 338. The claim was thereupon severed, by consent, and a judgment of $4,020.60 was rendered by such Court of Claims in favor of the claimant as damages for the taking of the lands, separate and distinct from the dam site and water power. Upon the third trial before such court, the amount of the damages sustained by the claimant for the taking or depriving him of his dam site and water power was alone considered, and the court awarded him damages in the sum of $5,000. From that judgment the claimant takes this third appeal.

An examination of the record and opinions in the two prior appeals shows that the Court of Claims in each of those trials fixed the amount of claimant's damages on the theory that the value of the dam site and water power was practically worthless, for the reason that the claimant had not acquired any such ownership or title thereto as gave him the absolute and only right to use the same. Upon that question we thought the trial court was in error, and their judgments were reversed on that ground. On this last trial, the sole issue presented and litigated being the value to the claimant of the dam site and water power so taken, a pure question of fact, and of fact only, is brought before us; and we are now asked to reverse the conclusions of the trial judges upon that question.

It seems plain to me from the evidence that the site for a dam which was taken by the state from the claimant was a very desirable one, so far as cheapness and ease of constructing a dam 9½ feet high, and ability to produce a very considerable water power and storage therefrom, is concerned. There seems to be little difference between the witnesses on that proposition. But as to the pecuniary value of such a dam, and the water power and storage produced thereby, there is an amazing difference of opinion between the witnesses sworn by the different parties. Men who seem to me to be substantially of equal experience, ability, and character differ in their judgment as to its value—from nothing at all to $30,000. Witnesses sworn for the claimant, for whose judgment I would have great respect, and whose integrity I would not suspect, place the value of the site alone at from $20,000 to $30,000, while gentlemen of equally high character and experience testify that in their opinion such site has no value at all. The question over which there is this great difference is as to whether there could in that locality be anything manufactured which could be profitably made and shipped from so remote and inaccessible a place to the necessary markets, or whether there could there be found any market whatever for the power or storage so produced. Manifestly the answer to such question rests entirely upon the opinion of the witness, formed from his experience, and very largely even from his personal temperament. Which of the witnesses have formed and expressed the better judgment I do not feel any more competent to determine than were the members of the trial court, who heard and

saw them testify, who viewed the premises, and are familiar with the locality, and means of transportation to and from it, and the business interests and competition which such an enterprise would have to meet. This is not a case where we are authorized to interfere with their conclusion. Clearly there is evidence to support it, and I am unable to conclude that it is against the clear weight of evidence, or that a plain and palpable injustice has been done to the claimant by their decision. Village of Port Henry v. Kidder, 39 App. Div. 640, 57 N. Y. Supp. 102; Perkins v. State, 113 N. Y. 660, 21 N. E. 397; Sanger v. French, 157 N. Y. 213, 51 N. E. 979.

I advise an affirmance of the judgment, with costs. All concur.