VILLAGE OF MEDINA v. GRAVES et al.

(Supreme Court, Special Term, Orleans County. November 21, 1908.)

1. EMINENT DOMAIN (§ 198*)—ACQUISITION OF RIGHT OF WAY FOR SEWER BY VILLAGE—ISSUES.

A village instituting proceedings to acquire a right of way for a sewer cannot claim that the lands taken are part of a public highway, but by instituting the proceeding it admits the owner's right, and the inquiry is as to his damages resulting from a necessary taking of that right.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. § 528; Dec. Dig. § 198.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

2. EMINENT DOMAIN (§ 198*)—ACQUISITION OF RIGHT OF WAY FOR SEWER BY VILLAGE—ISSUES.

A proceeding by a village to acquire a right of way for a sewer is not a proper one to test the title to the land to be taken as between the village and the individual alleged to own it.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. § 528; Dec. Dig. § 198.*]

3. EMINENT DOMAIN (§ 131*) — ACQUISITION OF RIGHT OF WAY FOR SEWER— DAMAGES.

Where, in proceedings by a village to acquire a right of way for a sewer, the evidence showed that the property was occupied by a tenant of the owner to the exclusion of all others, and that the village had paid the tenant for his rights, the owner was entitled to the full value of the property taken.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. § 353; Dec. Dig. § 131.*]

4. EMINENT DOMAIN (§ 149*) — ACQUISITION OF RIGHT OF WAY FOR SEWER— DAMAGES.

A village acquiring by condemnation a right of way for a sewer acquires, not only the right of way for the sewer, but the right to maintain a manhole and the right to enter on the premises at all times to inspect, repair, and re-lay the sewer, and the owner is entitled to substantial damages.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. § 327; Dec. Dig. § 149.*]

5. EMINENT DOMAIN (§ 238*) — AWARD — DETERMINATION OF COMMISSIONERS— REVIEW.

A reversal of the determination of commissioners in condemnation is justified only in an aggravated case showing general disregard or flagrant violation of the rules of evidence, and, where the commissioners applied the proper principle in ascertaining the damages, the court cannot reduce the award, but must either confirm or refuse to confirm and order a new appraisal.

[Ed. Note.—For other cases, see Eminent Domain, Dec. Dig. § 238.*]

Proceedings by the Village of Medina against Burt Graves and another to acquire a right of way for a sewer. Heard on motion to confirm report of commissioners for appraisal of damages. Report confirmed.

George F. Thompson, for the motion.
John J. Ryan, opposed.

POUND, J. The evidence in this proceeding as to the value of the easement taken is conflicting in the extreme, ranging from nothing up to $1,000. The award is $525. The commissioners of appraisal, aided by their view of the premises and guided by their experience and judgment, evidently came to the conclusion that the landowner's witnesses placed the damages very much too high, and that the village's witnesses estimated the damages very much too low. Nor can it be said that the commissioners were improperly influenced by the evidence on either side.

The question as to whether the lands taken for the sewer form part of a public highway is not before the court. The village cannot in this proceeding make that claim. The existence and prosecution of

this proceeding necessarily involve an admission of the landowner's right and an inquiry into his damages resulting from a necessary taking of that right. Olean v. Steyner, 135 N. Y. 341, 32 N. E. 9, 17 L. R. A. 640. This proceeding is not the proper one for the purpose of testing the title to land which is proposed to be taken as between the village and Mr. Graves. Matter of Yonkers, 117 N. Y. 564, 23 N. E. 661.

Nor does it appear that the lands taken were subject to any private easement. In the case of Olean v. Steyner, 135 N. Y. 341, 32 N. E. 9, 17 L. R. A. 640, all the parties had by conveyancing with reference to certain maps recognized the existence of a private right of way over their lands differing from the public easement taken only in that it had not been dedicated as a public highway and accepted by the village authorities. The court held that the difference in value between the lands as subject to the existing private easement and as subject to the public easement taken was nominal only. The evidence in this proceeding wholly fails to establish that any such private easement incumbered the property taken. It was occupied by a tenant under Mr. Graves to the exclusion of all others, and the village paid the tenant $15 for his rights. The landowner is therefore entitled to the full value of the public easement, and the only question before the court is as to the value of the property taken. What is taken? Not alone the right of way for the sewer, which in itself might not seriously impair the value of the premises, but also the right to maintain a manhole and the right to enter on the premises at all times to inspect, repair, and re-lay said sewer. The landowner's right to build is reserved only so far as is not inconsistent with the right so taken. It does not clearly appear how the various witnesses arrive at their conclusions as to value, but it is plain that the witnesses for the village do not appreciate the effect upon the market value of the premises of such an easement as is here taken. Any conveyancer can readily understand that such an easement would seriously affect such market value. The size of the sewer may be changed, or it may be necessary to repair it. The value of the premises for building purposes is practically destroyed as no prudent person would care to assume the necessary risk. A reversal of the determination of the commissioners is justified only in an aggravated case showing general disregard or flagrant violation of the rules of evidence. Matter of Grade Crossing Commissioners, 52 App. Div. 122, 64 N. Y. Supp. 1074. I am convinced that the commissioners understood and applied the proper principle in ascertaining the damages. Their award seems liberal, but not palpably unjust. The attorney for the village vigorously contends that the damages are nominal only, and that any substantial award would be excessive. I am of the opinion that the landowner is entitled to substantial damages. This court has no power to reduce this award. It must either confirm or refuse to confirm and order a new appraisal.

Applying the well-established rules governing these cases, it must follow that the report of the commissioners should be confirmed. So ordered. Defendant's application for additional allowance denied. Settle order by consent or on notice.