(72 App. Div. 360.)

## HALL v. STATE.

(Supreme Court, Appellate Division, Third Department. May 7, 1902.)

1. DAMS—OVERFLOWING LANDS OF OTHERS—RIGHTS BY PRESCRIPTION.
   The right to maintain a dam that will set the water back and cause the lands of others to be overflowed may be acquired by prescription.

2. SAME—CONVEYANCE OF LAND—APPURTENANT RIGHTS.
   A right, obtained by prescription, to maintain a dam overflowing the lands of others, is appurtenant to the land, and passes with it by conveyance.

3. SAME—RIGHT TO MAINTAIN DAM—ABANDONMENT—NONUSER.
   The mere fact that one having a right to maintain a dam overflowing the lands of others allowed it to decay and remain unrepaired for six years, in the absence of any other evidence of an intention to abandon such right, was insufficient to constitute an abandonment.

4. EMINENT DOMAIN — MEASURE OF DAMAGES — APPROPRIATION OF WATER POWER.
   Where land having appurtenant water power is appropriated by the state pursuant to Laws 1898, c. 627, the measure of damages for the appropriation of the water power is the value thereof for any purpose to which the property was adapted, and not the value of a chance to sell such power.

Appeal from court of claims.

Proceedings by Benjamin E. Hall against the state of New York for damages for property appropriated by the state pursuant to Laws 1898, c. 627. From a judgment in favor of claimant, granting insufficient relief, he appeals. Reversed.

Argued before PARKER, P. J., and KELLOGG, SMITH, CHASE, and FURSMAN, JJ.

Frederick R. Kellogg, for appellant.
George H. Stevens, for the State.

FURSMAN, J. It appears from the record that independently of the water power, which is the chief matter in controversy, the state appropriated 59.176 acres of land of the claimant, which the court found to be of the value of $1.50 per acre, or a total value of $88.76. It is thus made to appear that the value put upon the water power is $2,000. The court, however, did not allow anything for the water power as such, but, on the theory that owners of land above on the stream might

wish to purchase it, concluded that the chance of being able to sell it was worth $2,000 to the claimant, and, therefore, allowed that sum for the loss of the opportunity to sell, if it should ever occur. Where lands are taken under the right of eminent domain, the general rule is that compensation is to be made to the extent of the actual value of the land taken and the diminished value of the remainder, if any. There is no rule of compensation such as that which seems to have been adopted by the court of claims in estimating the value of this water power. In this case, the entire property of the claimant was appropriated, and the only question is whether a fair and just value for the water power was awarded.

As far back as about 1848, there was an eight or nine foot dam at this place, which set back the water to and into Saranac Lake and its tributaries. In 1880 a portion of it was destroyed by fire, but it continued to hold the water back until four or five years before the trial, which was had in 1900, so that it was effective as a dam until 1892, or perhaps a year or two later. The place where it was situated is peculiarly well adapted to the erection and maintenance of such a structure, and the state, in pursuance of the act of 1898, has erected a seven-foot dam there. A dam site is of no value as such unless it can be utilized, and, hence the decision of the court of claims, by awarding $2,000 to the claimant for this property on the ground that the state has deprived him of the chance to sell it as and for a dam site, necessarily concedes that the claimant had the right to occupy it for that purpose. The question then arises whether the claimant had the right to erect a dam that would set the water back into Saranac Lake and its tributaries and thereby overflow intermediate lands belonging to others. That such a right can be acquired by prescription is well settled. Hammond v. Zehner, 21 N. Y. 118; Washb. Easem. (3d Ed.) 372; Baldwin v. Calkins, 10 Wend. 169.

The evidence establishes the existence of a dam at this place, from 1848 to 1892, of sufficient height to set back the water into Saranac Lake. In this state, the time necessary to acquire an easement by prescription is 20 years, so that it appears that, when the claimant's immediate grantors conveyed to him, the maintenance of this dam, with its consequent effect of setting back the water to the lake, had ripened into a right. Such right was appurtenant to the land and was necessarily conveyed with it. Having thus acquired the right to maintain a dam at this place, it has not become lost by suffering it to fall into decay and remain unrepaired since 1892. The question of abandonment is one of intention, and a mere suspension of the exercise of a right is not sufficient to establish an intention to abandon it. Washb. Easem. (3d Ed.) 669. See Corning v. Gould, 16 Wend., at page 535. The right to maintain a dam of sufficient height to set back the water into Saranac Lake being thus established by prescription, and not lost by nonuser between 1892 and the appropriation of the property by the state in 1898, the claimant could have reinstated it, and could rightfully have employed the water stored by it to any use to which the property was adapted. In re Furman St., 17 Wend., at page 670; Boom Co. v. Patterson, 98 U. S. 403, 25 L. Ed. 206.

The court below placed its estimate of the value of this property

upon the single ground that its appropriation by the state deprived the owner of a chance to sell it to persons owning property above on the stream, but the evidence shows that it could be put to other profitable and valuable uses. The basis of value adopted by the court of claims was, therefore, erroneous, and inasmuch as there was important evidence showing the value of the property for the purposes to which the claimant might have applied it, and, in view of the changing and improving conditions of the surrounding country, would have probably applied it, in the near future, and which gave it a value largely in excess of the sum allowed, the judgment is reversed, and a new trial granted.

Judgment reversed and new trial granted, with costs to appellant. All concur.