supervisors were concerned. The money was in the hands of the treasurer, not as the agent of the county, but as trustee for the town, having a specific duty to perform with respect to it, viz., to invest it for the benefit of the town. His failure to do that is not at all the failure of the supervisors or of the county. The order should be affirmed, with costs.

Order affirmed, with $10 costs and disbursements. All concur, except KELLOGG, J., who dissents.

(75 App. Div. 186.)

### POTTER v. SUMNOR.

(Supreme Court, Appellate Division, Third Department. July 8, 1902.)

**1. OVERFLOWING LANDS—COMPLAINT—SINGLE CAUSE OF ACTION.**

Plaintiff's complaint alleged that plaintiff owns certain lands bordering on a river; that in 1841 a dam seven feet high was erected, flooding a portion of such land; that in 1883 defendant became the owner of the lands on each side of the dam, with all rights in said dam, and continued to maintain it until 1900, when he raised the dam, whereby the waters of the river were still further set back on plaintiff's land; and that he had suffered damage to the extent of $2,000. *Held*, that the complaint states but one cause of action, and that for raising the dam.

Appeal from special term.

Action by Asa F. Potter against Alanson A. Sumnor. From an order denying a motion to require plaintiff to serve an amended complaint, stating in one count his alleged cause of action for the maintenance and use of the dam therein mentioned and in another count his cause of action for raising the dam, defendant appeals. Affirmed.

A. Page Smith, for appellant.
Nash Rockwood, for respondent.

FURSMAN, J. The complaint alleges that the plaintiff is the owner of certain lands, therein described, which border on the Sacandaga river; that about 1841 one Barbour erected a dam about seven feet high across the river, by means of which the waters thereof were set back and raised about five feet upon the plaintiff's land; that about 1883 the defendant became, and now is, the owner of the lands on each side of the dam, with all rights in said dam; that after that time, and down to September, 1900, the defendant continued to maintain this dam, by means of which the water continued to be set back upon the plaintiff's land as before; that in September, 1900, the defendant raised the dam, whereby the waters of the river have been still further set back upon the plaintiff's land; and that the plaintiff has suffered damages to the extent of $2,000.

The complaint states but one cause of action. The owner of this dam, and the adjoining lands on each side of the river, at the place of its erection and maintenance, had acquired, in 1883, by prescription, the right to continue to maintain it to the same height, and in the same manner to thereby overflow the plaintiff's land, that had been done ever since its erection, in 1841. Hammond v. Zehner, 21 N. Y. 118; Washb. Easem. (3d Ed.) 372; Baldwin v. Calkins, 10

Wend. 169; Hall v. State (decided by this court in May, 1902) 77 N. Y. Supp. 282. The right to maintain the dam was appurtenant to the land, and passed to the defendant by the conveyance in 1883, and carried with it the right to overflow the plaintiff's land to the same extent that it had been overflowed since 1841. The plaintiff, therefore, has no cause of action for overflowing his land prior to September, 1900. If at that time the defendant unlawfully increased the height of the dam, whereby the area of land overflowed was extended, the plaintiff has a cause of action for such injury. The height to which the dam was raised, in 1900, is not stated in the complaint, nor is the extent of the increased area of land overflowed; but this motion is not to make the complaint more definite and certain in this respect. It is probable that the pleader assumed that a recovery could be had for all the injury occasioned by the overflowing of plaintiff's land, as well that from 1841 to September, 1900, as that caused by raising the dam at that time and since then suffered in consequence thereof. But this is not so. The cause of action set out in the complaint is for damages caused by raising the dam to a height greater than the defendant had a lawful right to maintain it, and all that precedes the statement thereof may be regarded as a mere recital of the facts by reason of which the defendant acquired a right to maintain his dam at a height of only seven feet, or even as surplusage.

The order must be affirmed, with $10 costs and disbursements. All concur.