**REEVES et al. v. PECOS COUNTY WATER IMPROVEMENT DIST. NO. 1 et al. (No. 822–4867.)**

Commission of Appeals of Texas, Section B. Nov. 2, 1927.

1. **Pleading** ⊕⇒214(1)—Allegations of petition must be accepted as true on demurrer.

On demurrer to plaintiff's petition, allegations contained therein must be taken as true.

2. **Constitutional law** ⊕⇒154(1)—**Waters and water courses** ⊕⇒254 — Water improvement district statutes held not to impair right of owners of irrigable lands to prevent diversion under prior contract (Rev. St. 1925, art. 7469).

Where contract limiting use of water for irrigation purposes to limited area was entered into prior to statutes relating to water improvement districts Rev. St. 1925, arts. 7466–8280, landowners in area *held* entitled to restrain diversion of water by water improvement district, notwithstanding statute may have permitted such diversion, in view of Rev. St. 1925, art. 7469, protecting vested private rights and fundamental law preventing legislation impairing contracts.

Error to Court of Civil Appeals of Eighth Supreme Judicial District.

Suit by J. E. Reeves and others against Pecos County Water Improvement District No. 1 and others. Judgment for defendants was affirmed by the Court of Civil Appeals (293 S. W. 923), and plaintiffs bring error. Reversed and remanded.

Howell Johnson, of Ft. Stockton, W. A. Wright, of San Angelo, and William Blakeslee, of Austin, for plaintiffs in error.

J. E. Starley, of Pecos, and R. D. Blaydes and J. G. Montague, both of Ft. Stockton, for defendants in error.

SHORT, J. Plaintiffs in error brought this suit against Pecos county water improvement district No. 1 and others, the defendants in error, to restrain the diversion of water for irrigation purposes to certain lands outside of blocks 1, 2, and A, and upon the trial court's sustaining a general demurrer to their petition they appealed to the Court of Civil Appeals for the Eighth District, where the judgment was affirmed (293 S. W. 923), and to which judgment the writ of error herein has been sued out.

The petition is very lengthy, but no useful purpose will be subserved by setting it out. A brief statement will suffice the purposes of our opinion.

The plaintiffs alleged: That the defendant Pecos county water improvement district No. 1 was a municipal corporation organized under the laws of Texas for irrigation purposes. That the plaintiffs were owners of irrigable lands in blocks 1, 2, and A, situated within the district. That prior to May 6, 1913, the Ft. Stockton Irrigated Lands Company was a corporation duly organized under the laws of the state of Texas, and was the owner in fee simple of blocks 1, 2, and A, "together with all canals, dams, laterals, and appurtenances, and the right of way thereof, constructed toward, through, along, or upon either the said block 1 or 2 or block A, together with all the water rights, privileges, and easements of every kind and character whatsoever, also all and singular the improvements, hereditaments, appurtenances, rights, and privileges belonging to them, or to the said water plant, and all tools, incomes, revenues, or profits issuing from or growing out of said irrigation system." That the plaintiffs derived their title through direct or mesne conveyances from the Ft. Stockton Irrigated Lands Company, and that each and every water right conveyed in the district contains the following clause:

"2. The said water shall be used for irrigation purposes and domestic uses only, and only upon the land above described, and under no circumstance shall said water or any portion thereof be used upon or become appurtenant to any other tract or tracts of land or for mining, milling, power, or for other purposes not directly connected with or incidental to irrigation purposes upon said land."

That plaintiffs owned in fee simple the lands described by them, together with the water rights and all appurtenances theretofore granted by the Ft. Stockton Irrigated Lands Company, and that the title to the water of the defendant in error district was expressly through and under the Ft. Stockton Irrigated Lands Company, and subject to its contracts. That one of the deeds through which the district claims expressly provides "that grantee will not contract water nor apply water during the irrigation season upon any lands outside of blocks 1 and 2 and block A." That the officers and directors of the water improvement district have granted water rights to lands other than blocks 1, 2, and A, and that "the water under the control and belonging to the Pecos county water improvement district No. 1 is not sufficient to irrigate the lands of these plaintiffs and other water right lands included in blocks 1 and 2 and A hereinbefore described, and if the defendants herein are permitted to divert the water to the lands on said Bihl and Rooney, and other persons, which said officers and directors have threatened to do and are doing, that the lands of these plaintiffs, which are under irrigation and which said irrigation is necessary to raise crops, and said crops thereon will suffer from a lack of water to irrigate said crops, and said crops will be greatly damaged by reason of a lack of water therefor, to the great and irreparable injury of all of

(299 S.W.)

these plaintiffs by the loss of crops from the lack of water; that said damages may not be calculated in dollars and cents." In short, it is not contended that the petition did not state a cause of action for equitable relief unless the statutes under which the defendant in error district was organized supervene.

The Court of Civil Appeals has said:

"The water rights secured to plaintiffs, as pleaded, are contract rights, are easements carved out of the fee simple of the irrigation system attached to the respective tracts of the water district and appurtenant thereto and a part thereof from the date of their several deeds conveying said water rights, and are covenants running with the lands and in the nature of real estate"—citing Edinburg Irrigation Co. v. Paschen (Tex. Civ. App.) 223 S. W. 329; Id. (Tex. Com. App.) 235 S. W. 1088.

After discussing other matters, that court proceeds as follows:

"However that may be, we prefer to rest our holding as to the sufficiency of the petition upon what we conceive to be the rights of all the parties under the several matters pleaded and the law regulating the use of water for irrigation in water improvement districts in this state,"

and thus states the question for decision:

"If the water improvement district may not, by reason of the several restrictions referred to, convey water to lands outside of blocks 1, 2, and A, and if the plaintiffs, by reason of being owners of water righted lands in blocks 1, 2, and A, can enjoin the district from enlarging its territory so as to include other lands outside of blocks 1, 2, and A, we think the petition not subject to the general demurrer."

That court then decides that our statutes, title 128 (Tex. Civ. Stat. 1925) are applicable and controlling, and have the effect to permit the water improvement district to do the very thing sought to be enjoined herein, saying:

"We have concluded that a contract for water, to be performed under the law for the distribution of water, may not contravene the law, but must conform to the purposes and provisions of the law for water distribution."

[1, 2] The abstract proposition of law is of course faultless. A contract cannot impair the validity or force of any law. It is no less true that a statute cannot impair the obligations of an existing contract. By the express provision of the act referred to it is said: "Nothing in this chapter shall prejudice vested private rights." Article 7469. But if it were not so, the result would be the same, for by fundamental law of the land, such rights may not be destroyed by legislative act. If we are to accept the allegations of the petition as true, and we must, then the plaintiffs were the owners of valuable water rights prior to the enactment of the statutes invoked, and these rights are threatened with impairment

or destruction. The statute cannot possibly stand in the way of their protection.

We therefore recommend that the judgment of both courts be reversed and the cause be remanded to the district court for trial upon its merits.

CURETON, C. J. The judgments of the district court and Court of Civil Appeals are both reversed, and the cause remanded to the district court, as recommended by the Commission of Appeals.

We approve the holding of the Commission of Appeals on the questions discussed in its opinion.