## CITY OF ANSON v. ARNETT et al.
### No. 2915.

Court of Civil Appeals of Texas. Eastland.
May 30, 1952.

Rehearing Denied June 27, 1952.

Smith & Smith, Anson, for appellant.

Grisham & King, Abilene, for appellees.

COLLINGS, Justice.

This is an injunction suit brought by appellant, the City of Anson, against appellees, J. M. Arnett and the Texas National Gasoline Corporation, a Delawere Corporation. The City alleged that its water supply was a lake or reservoir which it maintained and operated under a permit duly granted by the Board of Water Engineers of the State of Texas; that defendants, acting together, constructed a dam upon lands owned by Arnett which would impound more than fifty acre feet of water and was situated upon a part of the watershed which supplies appellant's reservoir; that no permit was secured by defendants from the Board of Water Engineers to construct such dam and lake; that defendants planned to divert and appropriate considerably more than fifty acre feet of such water from the watershed of appellant's lake and to use such water for commercial purposes; that defendant, Texas National Gasoline Corporation, planned to use water from the Arnett lake in connection with a gas plant which it operated. Appellant City alleged that unless defendants were restrained from so diverting, impounding, appropriating and using such water that it would suffer irreparable harm and injury and prayed for a temporary restraining order, a temporary injunction and upon a final hearing, a perpetual injunction restraining defendants from impounding, diverting and appropriating more than fifty acre feet of water from the watershed of its reservoir, and from diverting, and appropriating any of such water for purposes other than domestic consumption and water for domestic livestock.

Appellees filed separate answers in which each specifically denied constructing the dam and lake as claimed by appellant and alleged that such dam was first constructed in the year 1934 by Frank Barrett for his mother, Mrs. T. J. Barrett, who then owned the land and that the lake at that time impounded approximately 100 to 125 acre feet of water; that when the dam was constructed by Barrett, no permit was required by the laws of this State for an owner of property to construct a dam or reservoir thereon which impounded not to exceed 250 acre feet of water; that such dam and tank was continuously maintained and used upon said land since 1934 and that the rights to use of the water from said lake by the owner of the land were prior to the rights of appellant city which built its lake during the year 1941.

Arnett alleged that in 1945 he purchased the section of land upon which the tank in question is located and thereafter used same as a valuable improvement to the land and that he at no time abandoned, or had any intention of abandoning, the use and facilities of said tank and dam; that during recent years there was a gradual eroding and washing away of the dam on the southeast end near an old spillway and that it became necessary for Arnett, in order to maintain said tank to repair the dam; that at about one year prior to this suit an oil well was drilled at about the center of said tank which required the filling in and building up of an area around the oil well and a roadway connecting thereto; that such repairs were made by the Texas National Gasoline Corporation under the direction of appellee Arnett in consideration of which Arnett agreed to permit appellee, Texas National Gasoline Corporation, to use water from the tank for the purpose of cooling in their compression plant and for domestic use of employees of the company.

In supplemental pleadings appellant alleged that Arnett had long since forfeited any right he might have had in more than fifty acre feet of water for the reason that any appropriation of more than fifty acre feet was willfully abandoned by Arnett for a period of at least three consecutive years after the breaking and washing out of said

dam and spillway. The case was tried before a jury and based upon its finding that neither J. M. Arnett nor his predecessors in title had willfully abandoned the use of the water from the lake in question during any three consecutive years before suit was filed, judgment was entered denying the injunction. The City of Anson has appealed.

In appellant's first and second points it is contended that the court erred in refusing to render judgment in appellant's favor because the undisputed evidence showed that appellee's lake was impounding more than fifty acre feet of water and that appellees were threatening to use water therefrom for purposes other than domestic and livestock use without securing a permit from the Texas Board of Water Engineers.

The evidence shows that in 1934 and 1935, when the Arnett dam was originally constructed, it was capable of impounding approximately 200 acre feet of water. At that time, no permit was required to be obtained from the Board of Water Engineers to construct a dam or reservoir of such capacity on a man's own property. After the dam was repaired in 1951, it was capable of impounding about 90 acre feet of water.

A determination of appellant's first two points involves a construction of art. 7496, Vernon's Texas Statutes (35th Legislature, 1917, Sec. 16), art. 7500a, Vernon's Texas Statutes (General Laws of 39th Legislature, 1925, Chap. 139) and of art. 7500a as amended by the 47th Legislature in 1941, page 53, chap. 37, par. 1. It is urged by appellant that under a proper construction of such statutes, appellee Arnett should be enjoined from impounding and using any of the water for other than domestic and livestock purposes and from impounding more than fifty acre feet of water for any purpose, without a permit from the Board of Water Engineers, and that appellee, Texas National Gasoline Corporation, should be enjoined from using or diverting any of such water for any purpose without obtaining a permit from such Board.

The material portions of the statutes in question are as follows:

Article 7496, R.C.S. (35th Legislature, 1917) Section 16:

"* * * provided, however, that nothing in this section or in this Act shall affect or restrict the right of any person or persons, owning lands in this State, to construct on his own property any dam or reservoir which would impound or contain less than five hundred acre-feet of water."

Article 7500a, R.C.S., Chapter 136, General Laws of 39th Legislature:

"Sec. 5. Any one may construct on his own property a dam and reservoir to impound or contain not to exceed two hundred and fifty-acre feet of water without the necessity of securing a permit therefor."

Article 7500a, R.C.S. (47th Legislature, 1941) Vernon's Ann.Civ.St. art. 7500a:

"Section 5. Anyone may construct on his own property a dam and reservoir to impound or contain not to exceed fifty (50) acre-feet of water for domestic and livestock purposes without the necessity of securing a permit therefor."

The evidence is undisputed that when the Arnett dam was built in 1934 and 1935, its capacity was less than 200 acre feet of water. In our opinion, the question of whether or not Article 7500a, Revised Civil Statutes (39th Legislature, 1925) is void, as contended by appellant, and that any rights of appellees prior to the passage of the 1941 Act, must be governed by Article 7496, as enacted in 1917, is not material to a determination of this case because the amount of water alleged and shown to be impounded by the Arnett lake is less than that permitted by either of the statutes and the problem here presented is the same under either. The gist of appellant's contention under these points is that under either the 1917 Act or the Act of 1925, the only right given to a land owner was the right to construct on his land, without a permit, a dam or reservoir of the size indicated by the statute but that neither of such Acts gave him the right to use the water impounded without a permit. We cannot agree with this contention. Although dams may be built without the intent to use the water impounded, such as those constructed for

the purpose of flood control, it is our opinion that the usual purpose for which a land owner builds a dam of the type under consideration is to use the water. The cost of the construction of such a dam would be a needless expense to the land owner unless he could use the water impounded. The Legislature in 1917, by art. 7496, gave a land owner the right without securing a permit to construct a dam or reservoir on his property capable of impounding less than 500 acre feet of water and art. 7500a, enacted in 1925, permitted the construction of a dam capable of impounding not to exceed 250 acre feet of water, without a permit. As heretofore indicated, the dam under consideration was of a smaller capacity than permitted under either of the statutes. Neither Act by its terms placed any restriction or limitation upon the use of the water impounded. Although the statutes in question did not specify that the water so impounded could be used without a permit, we believe that such an intention is necessarily implied. Art. 7500a, supra, as amended in 1941, did limit the size of a reservoir which a land owner might construct to fifty acre feet of water and limited the use which could be made of such water, without securing a permit, to domestic and livestock purposes. The limitation of use imposed in this Act plainly applies to dams constructed under the authority of the Act itself and not to dams which had been previously constructed. The rights of appellee Arnett were not affected by the 1941 Act since they were vested under prior laws and statutes. Under such statutes, it is our opinion that Arnett had the right to use water from his reservoir for the purposes and in the manner set out in the facts of his case. He also had the right to repair his dam to accomplish that end. Appellant's first two points are overruled.

Appellant's third point complains of the submission, over its objection, of Special Issue No. 1 to the jury. The issue was as follows:

"Do you find from a preponderance of the evidence that the defendant, J. M. Arnett, and/or his predecessors in title willfully abandoned the use of the water from the lake in question during any three consecutive years before this suit was filed?"

Appellant's complaint concerning this issue is that it imposed undue burden. Appellant admits that Arnett was entitled to use of fifty acre feet of water authorized by art. 7500a as amended in 1941. No contention is made that the lake in question was abandoned as a watering place containing less than fifty acre feet of water, but it is urged that the dam was washed out so that it did not and could not impound as much as fifty acre feet of water and remained in such condition for a period of more than three years, and that any rights which appellee Arnett might have had to more than fifty acre feet of water were lost.

Appellant contends in its fourth point that the court erred in refusing to submit to the jury its requested special issue No. 1 which inquired if Arnett had "willfully abandoned the use of more than fifty acre feet of water from the lake in question during any three consecutive years before the filing of this suit." The same general principle of law is involved in both points and they are, therefore, considered together.

■■ One who has acquired the right to use of certain waters may abandon the right to use of a portion thereof in the same manner as there may be an abandonment of the whole. 56 Am.Jur., p. 671; 22 Tex.Jur., p. 89. It follows that special issue No. 1 of the court's charge was subject to the objection made and that if the evidence presented a fact question on appellant's requested special issue No. 1, inquiring if Arnett had willfully abandoned the use of more than fifty acre feet of such water for a period of three years, the court erred in not submitting such requested issue.

Art. 7544, Vernon's Revised Texas Statutes provides:

"Any appropriation or use of water heretofore made under any statute of this State, or hereafter made under the provisions of this chapter, which shall be wilfully abandoned during any three successive years, shall be forfeited and the water formerly so used or appro-

454

priated shall be again subject to appropriation for the purposes stated in this Act."

■ To abandon is to give up, desert, or to relinquish voluntarily and absolutely. 1 Tex.Jur., p. 3; 1 C.J.S., Abandonment, § 1, p. 4. The question of abandonment is one of fact to be determined in each case from all the evidence in the record. Hix v. DePhillipi, Tex.Civ.App., 216 S.W.2d 643; Good v. Good, Tex.Civ.App., 293 S.W. 621; 1 Tex.Jur., p. 13; 22 Tex.Jur., p. 81.

■ An essential element of abandonment is the intention to abandon and such intention must be shown by clear and satisfactory evidence. Abandonment may be shown by circumstances but the circumstances must disclose some definite act showing intention to abandon. The non-use of a right is not sufficient of itself to show abandonment but if the failure to use is long continued and unexplained, it gives rise to an inference of intention to abandon. 1 C.J.S., Abandonment, § 7, p. 16; 56 Am. Jur., p. 762; 1 Tex.Jur., p. 12; 22 Tex.Jur., p. 87; LaBrier v. Williams, Tex.Civ.App., 212 S.W.2d 828; Armstrong v. Neville, Tex.Civ.App., 117 S.W. 1010, 1012; Odum v. Menafee, 11 Tex.Civ.App. 119, 33 S.W. 129; Cline v. Upton, 56 Tex. 319; Sanders v. Sheran, 66 Tex. 655, 2 S.W.2d 804; Foreman v. Meroney, 62 Tex. 723.

■ The evidence in this case, considered in its most favorable light to appellant, shows that when Arnett purchased the property in 1945, the dam was in a washed out and broken condition and was not capable of holding water except in a scooped out portion of the lake bed; that the scooped out portion of the lake would hold only a few acre feet of water, an amount considerably less than fifty acre feet; that Arnett permitted the dam to remain in such state of ill repair during a period of about six years which made it impossible for him to use more than fifty acre feet of water during such period.

These facts do not constitute evidence of probative force of an intention to abandon such water. There is no evidence of any statement or overt act by Arnett which would indicate an intention to abandon. It is not shown that any act of his was responsible for the broken condition of the dam, only that he failed to repair it for about six years during which time he discussed such repair on three or four occasions. It is undisputed that Arnett used water from the lake during the period in question. The facts do not show a willing failure to use any of the water but only a failure to use more than fifty acre feet because of the broken dam, which was not caused by Arnett. There is no showing that it would have been to the financial advantage of Arnett to repair the dam during said period. It was not shown that Arnett was in financial condition to have repaired the dam before it was repaired in 1951. The failure to repair the dam under such circumstances when there was no evidence of any particular need for or benefit to result from an immediate repair does not raise an inference of intention to abandon. Hall v. State, 72 App.Div. 360, 77 N.Y.S. 282; Dallas County v. Miller, 140 Tex. 242, 166 S.W.2d 922. At most, the evidence does no more than arouse a mere surmise or suspicion that Arnett intended during a period of more than three years, to never repair the dam and thereby impound more water. No fact issue for jury determination was presented. Joske v. Irvine, 91 Tex. 574, 44 S.W. 1059, 1063.

Since no fact issue for the jury was raised by the evidence on the requested special issue urged and relied upon by appellant as a basis for recovery, the judgment entered by the trial court was a correct one.

The disposition of the matters discussed renders immaterial questions raised in other points urged by appellant. We find no reversible error in the case.

The judgment of the trial court is affirmed.