**L. A. WRIGHT et al., Appellants,**

v.

**TEXAS WATER RIGHTS COMMISSION et al., Appellees.**

**No. 11692.**

Court of Civil Appeals of Texas.

Austin.

July 16, 1969.

Rehearing Denied Oct. 1, 1969.

Mann, Cronfel & Mann, Lawrence A. Mann, Laredo, Graves, Dougherty, Gee, Hearon, Moody & Garwood, Robert J. Hearon, Jr., Austin, for appellants.

Crawford C. Martin, Atty. Gen., Nola White, 1st Asst. Atty. Gen., Hawthorne Phillips, Exc. Asst. Atty. Gen., W. V. Geppert, Staff Legal Asst. Atty. Gen., Vince Taylor, Roger Tyler, Asst. Attys. Gen., Austin, for appellees.

HUGHES, Justice.

The trial court rendered judgment sustaining the action of the Texas Water Rights Commission in cancelling water use Permit No. 260, issued July 31, 1918 and water use Permit No. 1083, issued October 31, 1928, which Permits, at the time of such cancellation were owned by appellants, Dr. L. A. Wright, George T. McNary and Myrlee Wright McNary. Intervenors in this Cause who are aligned with the Commission and who have filed a brief herein are listed below.[1]

Appellants appealed from the action of the Board in cancelling their permits to the district court pursuant to Arts. 7519b and 7477, Sec. 12(a), Vernon's Ann.Tex. Civ.St. The trial was non-jury. No findings of fact or conclusions of law were requested or formally filed. The judgment, however, contained numerous findings and conclusions, and to which we will refer as required.

Permit 260 authorized the appropriation and use of 1,046 acre feet per annum of the waters of the Rio Grande River. Permit 1083 authorized the appropriation of 1,616 acre feet of water per annum from Varrell Creek, a tributary of the Rio Grande. When these permits were issued, 1918 and 1928, respectively, the law in effect[2] provided only two ways by which permit rights could be lost.

Under present Art. 7519, V.T.C.S., (Sec. 33 of the 1917 Act) the permit holder must begin "actual construction" of the "ditch, canal, dam, lake, reservoir, or other work" to be used in connection with the appropriation and use of the water authorized by the permit and must thereafter prosecute the work "diligently and continuously to completion" unless additional time is granted, and if an applicant "shall fail to comply with the requirements of this article, he, they or it, shall thereby forfeit all rights under such permit."

Under present Art. 7544, V.T.C.S., (Sec. 46 of the 1917 Act) it is provided that any appropriation or use of water authorized under the Act "which shall be wilfully abandoned during any three successive years, shall be forfeited."

---

1. Cameron County Water Control and Improvement District Nos. 1 and 19; La Feria Water District, Cameron County No. 3; Hidalgo and Cameron Counties Water Control and Improvement District No. 9; Donna Irrigation District, Hidalgo County No. 1, Hidalgo County Water Control and Improvement District Nos. 1, 6, 7, 14, 15 and 19; Hidalgo County Water Improvement District No. 6, and Hidalgo and Willacy Counties Water Control and Improvement District No. 1.

2. Acts 1913, 33rd Leg., p. 358, ch. 171, amended by the Canales Act of 1917, Acts 1917, 35th Leg., p. 211, ch. 88.

Article 7544 has been construed as an abandonment statute requiring an intent on the part of the owner of a permit to abandon it, such intent to be established by clear and satisfactory evidence. City of Anson v. Arnett, 250 S.W.2d 450, Tex.Civ.App., Eastland, writ ref. n. r. e. (1952).

As to Art. 7519, it was stipulated in this case that water was used under each of the permits involved in accordance with their respective provisions from the dates of issuance until 1954, and no contention is made by appellees that the construction and works called for under those permits were not made within the times therein required.

That these were the only ways in which permit rights could be lost, by forfeiture or abandonment, under the 1917 Act is emphasized by present Art. 7474 (Sec. 7 of the 1917 Act) which provides, in part:

"Art. 7474.   Forfeiture of rights

Neither the foregoing article, nor any other provision of this chapter, shall be construed as intended to impair or to work or authorize the forfeiture of, or shall impair or work or authorize the forfeiture of, any rights heretofore or hereafter acquired by any declaration of appropriation or by permit when the appropriator has begun, or begins, the work and development contemplated by his declaration of appropriation, within the time provided in the law under which the same was or is made and has prosecuted and continues to prosecute the same with all reasonable diligence toward completion; but if any appropriator under this chapter, or other law of this State, has failed or fails to begin the work and development contemplated by his declaration of appropriation within the time provided in the law under which the same was or is made, or has failed or fails, to prosecute the same with all reasonable diligence toward completion, his right to so much water as has not been applied, or is not applied to bene-

ficial use, as defined in this chapter, shall be considered as, and shall be, forfeited, and such water shall be subject to new appropriation under this chapter;"

The Commission here, however, acted under and pursuant to the provisions of Art. 7519a enacted in 1957.[3] This statute is in two sections which we copy except as to provisions for notice to permit holders and other nonrelevant provisions.

"Art. 7519a.   Cancellation of unused permits or certified filings

1.   All permits for the appropriation and use of public waters heretofore issued by the Board of Water Engineers of the State of Texas, at least ten (10) years prior to the effective date of this Act or which shall have been issued at least ten (10) years prior to the date of the cancellation proceedings herein autorized, or certified filings filed with said Board in accordance with the provisions of Section 14 of Chater 171, Acts of the Thirty-third Legislature of Texas, 1913, as amended, which said permits and certified filings authorize the appropriation and use of public waters, and under which no part of the water authorized to be withdrawn and appropriated has been put to beneficial use at any time during a period of ten (10) consecutive years next preceding the effective date of this Act or the date of the cancellation proceedings herein authorized, whichever is later in time, shall be presumed to have been wilfully abandoned in that the holder has not been diligent in applying any of such unused water to beneficial use under the terms of the permit or certified filing for each year during the ten-year period and has not been justified in such nonuse for each year during the ten-year period.   When the Board finds that its records do not show that any water has been beneficially used under any such permit or certified filing at any time during such ten-year period, it shall cause a public hearing to be held on the

3.   Acts 1957, 55th Leg., p. 82, ch. 39, Sec. 1.

matter of cancelling such permit or certified filing. * * * and the Board shall give such record holder or holders of the permit or certified filing sought to be cancelled and other persons interested in the questions to be determined at such hearing an opportunity to be heard and present evidence that water has, or has not, been beneficially used for the purposes authorized under the permit or certified filing during such ten-year period. At the conclusion of the hearing, if the Board finds that no water has been beneficially used for the purposes authorized during such ten-year period, such permit or certified filing shall be deemed as wilfully abandoned, shall be null, void and of no further force and effect, and shall be forfeited, revoked and cancelled by the Board.

2. When the Board of Water Engineers or its successor has determined from its records that all of the public waters authorized to be appropriated under a certified filing, or under a permit issued ten (10) years or more prior to the effective date of this Act, or prior to the date of cancellation proceedings herein authorized, has not been put to a beneficial use at any time during a period of ten (10) consecutive years next preceding the effective date of this Act, or the date of the cancellation proceedings herein authorized, it may cause a public hearing to be held on the matter of cancelling that portion of such permit or certified filing which has not been beneficially used at any time during such ten (10) consecutive years, and if it should appear to the Board that the holder of the permit or certified filing has not been diligent in applying all or any part of such unused water to beneficial use under the terms of the permit or certified filing and has not been justified in such nonuse or does not have a bona fide intention of putting such unused waters to beneficial use under the terms of the permit or certified filing within a reasonable period of time after the date of

such hearing, then such permit or certified filing shall be subject to forfeiture and cancellation by the Board as to such portion of such waters as to which such facts are so found. The absence from the records of the Board of proof of use of such water during said ten-year period shall be sufficient for initiating such cancellation proceedings. In determining what constitutes a reasonable period of time in this paragraph, the Board shall give consideration to expenditures made or obligations incurred by the owner of such permit or certified filing in connection therewith, the purpose to which the water is to be applied, the priority under the general law of such purpose, and the amount of time usually necessary to put such water to a beneficial use for the same purpose when diligently developed.

* * *

If the Board should find as a result of such hearing that any portion of the water authorized to be diverted and used under such permit or certified filing has not been put to an authorized beneficial use during said ten-year period, and that reasonable diligence has not been used by the holder or holders in applying such unused portion of said water to beneficial use under the terms of the permit or certified filing, and that such holder has not been justified in such nonuse or does not have a then bona fide intention of putting such unused water to beneficial use under the terms of the permit or filing within a reasonable time after such hearing, the Board shall enter its order cancelling such permit or certified filing as to the portion of the water as to which such findings are made, and said portion of said water shall again be subject to appropriation."

The trial court has construed Art. 7519a as follows:

"a. The portion thereof codified as Section 1 of Article 7519a mandatorily requires the Texas Water Rights Commission to cancel any permit

for the appropriation and use of public waters when it finds in a cancellation proceeding that no part of the water authorized to be withdrawn and appropriated under said permit has been put to beneficial use at any time during a period of ten (10) consecutive years next preceding the date of the cancellation proceedings by that Commission.

b. The factors of diligence, justification, and bona fide intention to put to future use within a reasonable time are immaterial and irrelevant to a total cancellation proceeding brought under Section 1 of Article 7519a, such factors being relevant and material only with respect to partial cancellation proceedings brought under Section 2 of Article 7519a as provided in said Section 2.

c. The intention of the owner or owners of such a permit to abandon said permit is not material or relevant under Article 7519a, [Sec. 1] which is a 'forfeiture' statute as distinguished from an 'abandonment' statute, and the Commission need make no finding that such an intent to abandon exists or ever existed for any period, such Commission being required to cancel and forfeit a permit under the circumstances set forth in paragraph (a) above entirely without regard to any question of intent of the owner or owners of said permit."

The court, in its judgment, found as follows:

"It was stipulated by the parties hereto, and the Court accordingly finds, that such rights and privileges, if any, as still exist with respect to Permit No. 260, issued July 21, 1918, and Permit No. 1083, issued October 31, 1928, are owned by the Plaintiffs in this Cause; that said Permits were each used in accordance with the terms thereof from their dates of issuance until the year 1954; that the pumps located at the diversion points specified in said Permit Nos. 260 and 1083 washed out in the year 1954 and have never been replaced; and that no water has been diverted through the diversion points authorized in Permits Nos. 260 and 1083 since the year 1954."

The order of the Commission setting a hearing on the proposed cancellation of these permits was made February 27, 1967.

Based on these facts, the trial court rendered judgment cancelling the two permits under the provisions of the first section of Art. 7519a as construed by him and without regard to the provisions of the second section of this Article which purports to deal only with a partial non-use of the water covered by the permits. We agree with this treatment of the case and hold that since there was a total non-use of water as authorized by these permits that only Sec. 1 of Art. 7519a is invoked by the proceedings instituted by the Commission and that Sec. 2 of Art. 7519a is relevant only insofar as it may aid in the proper construction of the first section of the article.

■ We will first dispose of appellants' fourth point which is to the effect that the trial court erred in construing section one of Art. 7519a as a forfeiture statute rather than an abandonment statute. We overrule this point.

Art. 7519a, Sec. 1, plainly provides for a legal and conclusive presumption of wilfull abandonment when no part of the water authorized to be withdrawn has been put to beneficial use for a period of ten successive years. No fact is to be determined by the Commission at the hearing required by the statute as a prerequisite to the forfeiture of the permit except the total nonbeneficial use of the appropriated water for a period of ten successive years. The intent of the appropriator is not mentioned in section one and is immaterial on the issue of forfeiture. That the Legislature understood the difference between abandonment where intention is relevant and forfeiture where intention is not relevant is shown by

its concurrent enactment of section two of Art. 7519a which specifically provides that a cancellation of the permit for partial non-use shall not be made unless the Commission finds that the permit holder "does not have a bona fide intention of putting such unused waters to beneficial use." Also, it would have been rather incongruous for the Legislature in 1957 to pass a ten year abandonment statute based on intention when it then had a three year abandonment statute (Art. 7544) in view of the legislative purpose stated in the emergency clause to Art. 7519a that a public need existed for making unused water available for appropriation and beneficial use.

Appellants' first point is that Section 1 of Art. 7519a as construed by the trial court is, when applied to their permits, unconstitutional as a retroactive under Art. 1, Sec. 16 of the Texas Constitution, Vernon's Ann.St. and under the United States Constitution, and that it violates such constitutions because it authorizes the taking of their property rights without compensation and without due process of law.

█ We sustain this point.

In State Board of Water Engineers v. Slaughter, 382 S.W.2d 111, Tex.Civ.App. San Antonio, writ ref. n. r. e, 407 S.W.2d 467, (1966) the Court stated what seems to us to be fundamentally sound law as follows:

"Rights acquired under the 1895 Irrigation Act were vested rights which the Legislature could not cut off. In Clark v. Briscoe Irr. Co., Tex.Civ.App., 200 S.W.2d 674, Chief Justice McClendon reviewed the historical background of our water laws and said:

'Nor is there any question but that a water right, when acquired and perfected either under the posting or permit system, constitutes a vested interest in or title to the use of the water thereby appropriated.'

In Board of Water Engineers v. Mc-Knight, 111 Tex. 82, 229 S.W. 301, the 1917 Act was held invalid on the ground that it attempted to confer judicial powers upon the State Board of Water Engineers and would deny the parties a judicial determination of their vested rights as appropriators of water. See also, Lakeside Irr. Co. v. Markham Irr. Co., 116 Tex. 65, 285 S.W. 593; City of Anson v. Arnett, Tex.Civ.App., 250 S.W.2d 450; Goodwin v. Hidalgo Co. Water Control & Improvement Dist. No. 1, Tex. Civ.App., 58 S.W.2d 1092; Fairbanks v. Hidalgo Co. Water Imp. Dist. No. 2, Tex.Civ.App., 261 S.W. 542; 30 Tex.Law Rev. 669."

In Turner v. Big Lake Oil Company, 128 Tex. 155, 96 S.W.2d 221 (1936) the Court dealt with a 1921 statute, now Article 7467, V.A.T.S., which, it was contended, made surface water public water of the State, even before the water had reached a stream. The Court noted that under both the common law and the civil law, the owner of the soil on which rain falls and surface waters gather owns the water prior to its passage into a stream. The Court stated:

"No citation of authority is necessary to demonstrate that the right of a landowner to the rainwater which falls on his land is a property right which vested in him when the grant was made. Being a property right, the Legislature is without power to take it from him or to declare it public property and subject by appropriation or otherwise to the use of another."

Accord, Reeves v. Pecos County Water Improvement District No. 1, 299 S.W. 224 (Tex.Com. of App.1927); City of Anson v. Arnett, supra, and San Antonio River Authority v. Lewis, 363 S.W.2d 444 (Tex. Sup.1963) which hold that water rights whether acquired by grant or under statutes are vested rights which may not be impaired by subsequent legislation or, as in Lewis, taken without compensation. See also In re Manse Spring and Its Tributaries, 60 Nev. 262, 108 P.2d 311. (1940).

The Commission does not cite or discuss any of these authorities except Clark v. Briscoe which is cited for the statement that Texas derived its water laws from the Laws of Nebraska and Wyoming.

■ Of course, water rights acquired by grant or by statute are subject to the qualifications, limitation, conditions or restrictions placed on such rights by the grant or by the statute under which they are acquired. We have seen here that the rights obtained by appellants under permits 260 and 1083 were subject to certain conditions but they are not invoked in this case, rather the ground for forfeiting these permits is that of ten successive years of non-use which ground was not in effect when the permits were granted.

■ We are cognizant of the dire need to prevent the waste of water. This need, however, cannot be satisfied in an unconstitutional manner. This principle is well stated in Travelers' Insurance Co. v. Marshall, 124 Tex. 45, 76 S.W.2d 1007, 96 A.L.R. 802 (1934) in this language:

"Necessity that is higher than the Constitution can safely have no place in American jurisprudence. That principle is necessarily vicious in its tendency, and subversive of the Constitution. It should be, and is, limited by the constitutional inhibitions. * * * The Constitution, and a controlling necessity antagonistic to its requirements, cannot exist."

The Commission states in its brief:

"The real basis for Appellee's position that no vested water right is beyond the cancellation statutes is that beneficial use has always been the measure, limit and nature of a Texas Water Right. Article 7542, V.C.S., (Previously Sec. 44 of the 1917 Water Law of Texas), reads as follows:

'Art. 7542. Water right defined

A water right is the right to use the water of the State when such use has been acquired by the application for water under the statutes of this State and for the purposes stated in this chapter. Such use shall be the basis, the measure and the limit to the right to use water of the State at all times, not to exceed in any case the limit of volume to which the user is entitled and the volume which is necessarily required and can be beneficially used for irrigation or other authorized uses.'

The case for sustaining constitutional validity of Section 1, of Article 7519a, supra, as against any claims that the statute takes property which has vested in Appellants, is found in the Texas policy of requiring a continued beneficial use of State-owned waters. In Motl v. Boyd, 116 Tex. 82, 286 S.W. page 458, (1926) at Pages 474–475, the Texas Supreme Court held:

'The right to use the water is limited for the beneficial purposes specified in sections 4 and 9 of chapter 88, (Act 1917) referred to. The license or permit is subject to forfeiture for abandonment, and the water formerly within the terms of the appropriation may be reappropriated. Sections 45, 46. Since the use of water is restricted by the very terms of the statute, it is obvious that a misuse of the water would subject the license to forfeiture. It is entirely clear that no property right is acquired in the water; that what the state does is merely to license the appropriator to use it for statutory purposes in a certain quantity. It is true that section 58 declares that a permanent water right shall be an easement to the land and pass with the title. However, this same section has read into it the purposes for which the water may be used under the statute, and the rights of forfeiture, which we have previously referred to * * *'"

This is the only Texas case cited by the Commission to sustain the constitutionality of Sec. 1 of Art. 7519a as applied to appellants' permits.

We cannot find in this general language of the Court any conflict with the authorities which we have cited to the effect that the rights held by appellants to use the waters covered by their permits are vested rights and entitled to constitutional protection.

In its post submission brief the Commission cites and quotes from Cox v. Robison, 105 Tex. 426, 150 S.W. 1149 (1912) as follows:

> "We recognize the rule that in general Constitutions and statutes operate prospectively; but the exception is as well established as the rule that they may operate retrospectively when it is apparent that such was the intention, provided no impairment of vested rights results. Grigsby v. Peak, 57 Tex. 142, 146."

This is a correct statement of law. Since the rights held by appellants are vested rights, this case is conclusive against the Commission.

We have not discussed cases from other jurisdictions for the reason that we consider applicable Texas statutes and decisions to be determinative of the legal issues presented by this point.

■ Intervenors contend that Art. 7519a, Sec. I, is valid under Art. 16, Sec. 59(a) (1917) of the Texas Constitution which section declared the conservation and development of the natural resources of the State to be "public rights and duties: and the Legislature shall pass all such laws as may be appropriate thereto." The Legislature did pass laws which it deemed appropriate and appellants have acquired rights thereunder. There is nothing in this amendment which hints at the authority of the Legislature to forfeit those rights once obtained. We believe that this provision of the Constitution must be read in the light of all other provisions of the Constitution. See Corzelius v. Harrell, 143 Tex. 509, 186 S.W.2d 961 (1945).

■ We hold that Sec. I of Art. 7519a as applied to appellants and their vested rights under permits 260 and 1083 is violative of Art. 1, Sec. 16 of the Texas Constitution which forbids the enactment of retroactive laws, of the due process clauses of both State and Federal Constitutions and of Art. 1, Sec. 17 of the Texas Constitution prohibiting the taking of property for public use without adequate compensation.

Appellants' second point is that Art. 7519a as applied in this case is unconstitutional under the "Equal Protection of the Law" provisions of the 14th amendment to the United States Constitution.

In view of our disposition of appellants' first point, it is unnecessary for us to determine this point.

Appellants' third point is that Art. 7519a is unconstitutional because its caption is defective under Sec. 35 of Art. III of the Texas Constitution. We need not determine this point for the reason that we have held such article unconstitutional in this case on other grounds.

Appellants' points five and six are to the effect that Sec. 1 of Art. 7519a, properly construed, is an abandonment statute and since the trial court found that they never intended to abandon their permit rights the permits should not have been cancelled there being an abundance of evidence to show their diligence, justification and bona fide intention to make use of their permit rights in the future.

The trial court found that applying both the substantial evidence rule and the preponderance of the evidence rule that appellants did not at any time intend to abandon all or any part of their rights under Permits Nos. 260 or 1083. Appellees do not challenge this finding, the Commission stating, "there is no real factual dispute between the parties in this cause."

We have construed Art. 7519a, Sec. 1, contrary to the contention here made by appellants. We recite the finding as to lack of intention to abandon in order to show that the trial court's judgment can-

**40**

not be sustained under any abandonment statute where intent to abandon is relevant. These points are overruled.

Appellant's seventh point is that the trial court erred in including in the ten year period of non-use of water the time during which their application to the Commission for a change in water diversion points was pending. It is unnecessary for us to determine this point in view of our holding under point one.

It is also unnecessary that we determine appellants' remaining points eight and nine. They are that the trial court should have considered the use of water by appellants during the relevant ten year period even though the water was obtained at unauthorized diversion points, and that the trial court erred in holding that an appeal from the Commission to the district court is governed by the substantial evidence rule. These points are immaterial in view of our disposition of point one.

The judgment of the trial court is reversed and judgment is here rendered that the orders of the Texas Water Rights Commission cancelling appellants' Permits 260 and 1083 be and they are hereby vacated and held for naught.