MR. JUSTICE MORRISON
dissenting:
I respectfully dissent from the majority opinion. There is, in my opinion, a sufficient record before this Court to determine the issues at bar.
This dissent does not discuss evidence respecting the existence of water rights claimed by the upstream and midstream users dating back to 1893. The trial court found that these rights had been abandoned. The basis of that finding is not clear. However, the rights had not been used for at least 50 years. I would hold that such a continuous nonuse creates a rebuttable presumption of abandonment. To rebut this presumption of abandonment, there must be established, not merely expressions of desire or hope, but some fact or condition using long periods of nonuse. CF & I Steel *235 Corporation v. Purgatoire River (1973), 183 Colo. 135, 515 P.2d 456. Also see Cundy v. Weber (1941), 68 S.D. 214, 300 N.W. 17; City of Anson v. Arnett (Tex. 1952), 250 S.W.2d 450.
The argument is here made by the upstream user that predecessors in interest did not have sufficient funds to irrigate. In replying to the same argument, the Colorado court, in CF & I Steel, said:
“. . . Considering the large demands for all of the appropriatable water in this state ... it might be said that nearly every abandoned water right could have its non-use justified by the economics that prevail sometime in the future for use of this water . . . This gleam-in-the-eye philosophy is not consistent with the protection and preservation of existing water rights.” CF & I Steel, 515 P.2d at 458.
There is sufficient evidence of nonuse to justify affirmance of the trial court’s findings of abandonment.
The downstream user claims 50 inches of water under a notice of appropriation filed in 1926 for 300 inches. The upstream user contends that 20 inches of this water should have a priority date after 1941. Since the upstream user cannot show he is entitled to any water right with a priority date between 1926 and 1941, he has no standing to contest the downstream user’s priority dates; the question is not properly before this Court. Vidal v. Kensler (1935), 100 Mont. 592, 594, 51 P.2d 235.
The predecessor in interest to the upstream user filed for 30 cubic feet per second on May 30, 1973. The predecessor ordered a sprinkler system capable of irrigating at least 320 acres. This system was not used because necessary parts were never delivered. In August of 1975, the upstream user purchased the land in question including the water rights and the predecessor’s irrigation system. The upstream user was unsuccessful in obtaining the necessary parts and as a consequence, he purchased a new sprinkler system and installed it in the winter of 1975-1976. The system consists of a 1200 gallon per minute pump on the creek which feeds a pivot sprinkler having two 160-acre settings. The upstream user is presently irrigating 320 acres.
*236 The trial court found that the upstream user first put water to a beneficial use in July 1976 but did not make any specific findings on the question of whether the upstream user’s predecessor proceeded with reasonable diligence after filing in 1973. If purchase of the irrigation equipment was not diligence, then the upstream user would not have a water right. If the upstream user’s claim results from application to a beneficial use in July 1976, the upstream user would have nothing because of failure to file under the 1973 act. Nevertheless the trial court found that the upstream user was entitled to 68 inches of water, the same being the amount first appropriated in July of 1976.
For the trial court to be upheld with respect to its finding that the upstream user was entitled 68 inches of water, the trial court would have necessarily had to find reasonable diligence on the part of the upstream user’s predecessor in interest. We should invoke the doctrine of implied findings which would then establish that the upstream user’s predecessor in interest had exercised reasonable diligence after filing in 1973 and that the 1973 filing was alive at the time of the first beneficial use in July 1976. Subsequent applications to beneficial use were pursuant to the “reasonable diligence” exercised in 1973. I would find that the 320-inch application presently in place, was the culmination of a plan starting in 1973 and that the upstream user therefore has a 320-inch water right dating from May 30, 1973.
The midstream user filed June 13, 1973, and thereafter purchased an irrigation system. The midstream user, under this filing, has perfected a water right to that amount of water which has been put to a beneficial use pursuant to the 1973 filing.
The trial court found that the midstream user had applied 45 inches of water for the purpose of irrigating 45 acres of land. However, the evidence shows that only 30 acres of land was irrigated. I would, therefore, find that the midstream user has a 30-inch water right dating from June 13, 1973.
I would remand this case to the District Court with directions to enter judgment in accordance with the views expressed in this dissenting opinion.